CURTIS *against* HURLBURT:

IN ERROR.

THIS was an action *qui tam* against *Hurlburt*, brought in the county court, for *Fairfield* county, on the statute, *tit. Fisheries, c. 1. s. 6.* to recover the penalty of 67 dollars, for using a bush-seine in *Ousatonnick* river. The declaration was in the words of that against *Eastman*,(a) with the change only of the defendant's name. The writ was dated on the 10th, and served on the 16th of *May*, 1814.

The defendant pleaded in bar an action for the penalty here demanded, and a recovery, by the present plaintiff, against *Eastman*, reciting the record, and averring that the writ in that action was served first; that it was for the same matter and cause, and for the same offence, as this; and that the judgment recovered had been fully paid and satisfied.

The plaintiff's replication traversed the averment, that the former action against *Eastman* was for the same offence; on which issue was joined; and the jury found a verdict in favour of the defendant.

Where two or more persons were concerned in drawing a bush-seine in *Ousaton-nick* river against the statute *tit. 70. c. 1. s. 6.*, it was held, that this was a several offence in each person concerned in it, and that each was separately liable to the penalty imposed by the act.

(a) 1 *Conn. Rep.* 323.

The plaintiff then moved in arrest of judgment, that the defendant's plea was insufficient. The court overruled this motion, and rendered judgment for the defendant. The plaintiff thereupon brought a writ of error in the superior court, assigning the general error. By agreement of parties, the cause was continued to the next term of that court, with a view to submit, in the meantime, the questions of law arising on the record, to the nine Judges for their advice.

*Chapman* and *Sherman*, for the plaintiff, remarked, that all crimes, at common law, committed by two or more persons, are several; and all offences against the rights of individuals, are joint and several, if founded in tort, and joint, if founded in contract. They then contended, that all public offences, made so by statute, are several, unless made joint by the language of the statute; and proceeded to examine the decisions upon several *English* statutes. *Partridge* v. *Naylor, Cro. Eliz.* 480. *The Queen* v. *King & al.* 1 *Salk.* 182. *Hardyman* v. *Whitaker & al.* 2 *East,* 573. n. *Barnard* v. *Gostling,* 1 *New Rep.* 245. The result of all the cases is, that there are but two exceptions to the general rule: one is, where it is manifestly the object of the statute, to give *a satisfaction to the party injured,* in which case, it is obviously proper, that but one satisfaction should be obtained; the other is, where the statute, in express terms, imposes one penalty, for an offence committed by two or more persons. In the case before the court, the offence was against the public, and no individual was entitled to satisfaction beyond others. Nor does the phraseology of the statute in question imply, that sundry persons shall be subject to a joint penalty only, but the reverse. The words are " that *no person* shall use any bush-seine, &c. on penalty of 67 dollars *for every such offence;*" the import of which is, that *every person* who shall commit that offence, shall pay the penalty. It cannot be doubted, that every person concerned in doing the act prohibited, is guilty of the offence.

The *nature* of the offence, also, affords an argument in favour of the plaintiff's construction; for the injury to the public, is in proportion to the number concerned. Two or three individuals could produce little effect with a bush-seine, while twenty or thirty might sweep the river from *New-*

*Hartford,*
November,
1817.

Curtis
*v.*
Hurlburt.

*Milford* to *Stratford,* and clear it of fish. In the latter case, 67 dollars would be a very inadequate penalty.

The only authority, opposed to the plaintiff's claim, is an *obiter dictum* of Lord *Mansfield,* in *Rex* v. *Clark & al. Cowp.* 612. The *decision* in that case was, that the defendants were *severally* liable to the penalty ; but a preliminary remark of his Lordship may be thought to furnish a ground of distinction between that case and the present. It is this— that where the offence is, in its *nature,* single, the penalty shall be single, because, though several persons join in committing it, it still constitutes but *one* offence. Lord *Mansfield* was a great man ; but *aliquando bonus dormitat Homerus.* One of the instances given to illustrate his remark is the killing of a hare, which, he says, is but one offence in its nature, because whether one or twenty kill it, it cannot be killed more than once. Suppose he had put the instance of murder ; is not the killing of a man as much one offence, in its nature, as the killing of a hare, and does not his Lordship's reason apply as well in one case, as in the other ; and yet, if twenty persons murder one man, and kill him but once, will they not all be hanged ? The distinction is manifestly an absurd one ; it was then taken for the first time ; and has never been regarded since.

*N. Smith* and *Bissell,* contra, contended, that the word "penalty," as used in this statute, relates to the *offence* merely, without any regard to the number of persons, who may be concerned in its commission. In support of this proposition, they relied on the following considerations. First, the language of the statute, which gives " the penalty of 67 dollars *for every such offence.*" What is the offence ? An act done. What is this act ? The *drawing a bush-seine.* This is no more than *one* offence, whether two, ten or twenty persons be concerned in committing it. It cannot, ordinarily, be committed by a single person. A number of persons must, almost necessarily, be concerned ; and had the legislature intended that the penalty should be inflicted *on every person so concerned,* they would have expressed this intent ; as in *tit.* 40. *c.* 1. *s.* 10. where the words are, " such person or persons, society or company, *and every of them,* on conviction," &c. and *tit.* 159. where the words are, " that *each person* so exhibiting, &c. shall forfeit," &c. The offence be-

*Hartford,*
November,
1817.

Curtis
*v.*
Hurlburt.

ing in its nature single, but a single penalty can be recovered. *Rex* v. *Clark & al. Cowp.* 612.

Secondly, the *amount* of the penalty. This is not an act which is *malum in se.* The mischief to the public is the same, whether few or many be concerned ; and for this mischief, the forfeiture of one penalty is a remuneration.

Thirdly, the construction which has been given to other statutes, where the language is the same as, or stronger than, in the one under consideration ; as in *tit.* 60. *c.* 1. *s.* 2. which subjects the executor to a penalty of " seventeen dollars per month" for neglect of duty ; and yet it has been held, that only one penalty of seventeen dollars can be recovered in one action, though there have been several months' neglect. *Barber* v. *Eno,* 2 *Root,* 150. So by the *Massachusetts* statute of 1783. *c.* 24. *s.* 16. " any executor or executors" of a will are subjected to a penalty of " five pounds for each month he or she shall delay to present the will," &c. In an action on that statute for the forfeitures, it has been held, that though two or more persons are liable, but one forfeiture can be recovered. *Hill & ux.* v. *Davis & al.* 4 *Mass. Rep.* 137. Accumulating penalties are never inflicted, unless warranted by the express terms of the statute, or unless the crime for which they are inflicted, is, in its nature, several. The case of *Boutelle,* q. t. v. *Nourse,* 4 *Mass. Rep.* 431. arose upon a statute prohibiting the taking of salmon, shad, or alewives, in certain waters, at certain periods, and inflicting a penalty on *him or them so offending.* It was held, that an action for the penalty might be brought against one or more joint offenders ; but that the plaintiff could have *but one satisfaction.*

Fourthly, a joint prosecution might have been brought against all who were concerned in the offence ; and in that case, a single penalty only could have been recovered. *Partridge* v. *Naylor, Cro. Eliz.* 480. *The King* v. *Bleasdale & al.* 4 *Term Rep.* 809. *Boutelle,* q. t. v. *Nourse,* ubi sup.

SWIFT, Ch. J. All offences at the common law are several—that is, though several join in the commission of the act, and that act is single, yet each is guilty severally, and is liable to a separate punishment. If two should jointly take, and, with felonious intent, carry away, the goods of another, each would be guilty of the crime of theft, and might

be prosecuted jointly, or separately. When a statute creates an offence, it may be joint or several, according to the language made use of. The statute on which the present question arises, is, that " no person shall use any bush-seine in *Ousatonnick* river, &c. on penalty of sixty-seven dollars for every such offence."

The question is, whether this is a several offence in each person concerned in it, or only one offence in them all, so that one penalty only can be inflicted?

No words can be more appropriate than the words of this statute to designate a several offence. *No person shall do the act, under a certain penalty, for each offence.* It is the same as the words, *Every person who does the act—whoever does the act—if any person shall do the act,* such person shall suffer a certain penalty. As by the common law, when several join in the commission of a crime, each is considered as severally doing the act; so here, though several may join in the act, yet every person is considered as severally committing the crime, and incurs a several penalty.

The words *no persons,* or *no person or persons,* shall do an act under a certain penalty, are proper to designate a joint offence, and will be so construed, unless there is something to point out a several offence; for in such case, the words of the statute inflict only one penalty on the persons who join in doing a specific act, and not a several penalty on each who may be concerned in it; of course, it is a joint, and not a several, offence in them all. Such is the literal meaning of the words, and this construction is fully supported by the case of *Hardyman* v. *Whitaker* and others, 2 *East,* 573. in a note.

The case of *Rex* v. *Clark* and others, *Cowp.* 610. has been relied on by the defendant as a direct authority in his favour. That was an information on a statute against several for assaulting and resisting certain custom-house officers in the execution of their duty, and rescuing out of their custody a quantity of brandy, &c. The words of the statute were : " if any person or persons shall," &c. " the party or parties shall, for every such offence, forfeit and lose 40*l.*" It was decided, that this was a several offence, and each liable to the penalty, on the ground that this was an offence in its nature several; for it was said, one might resist, another molest, and another run away with the goods; which were distinct

acts, and every one's offence was entire and complete in its nature. On the same principle, in the present case, the offence would have been several, though joint words had been used in the statute creating it ; for here it may with equal propriety be said, that the offence was in its nature several ; that one could make the seine, another put it into the river, all might draw it, and others take out the fish : here would be distinct acts, and the offence of each would be entire and complete in its nature. The case, then, of *Rex* v. *Clark*, so far from being an authority in favour of the defendant, is in point against him. The rule, however, respecting the distinction between joint and several offences, is laid down in that case different from what I have stated in this. Lord *Mansfield* says : " Where the offence is, in its nature, single, and cannot be severed, there the penalty shall be single, because though several persons may join in committing it, it still constitutes but one offence. But where the offence is, in its nature, several, and where every person concerned may be separately guilty of it, there each offender is separately liable to the penalty, because the crime of each is distinct from the offence of the others, and each is punishable for his own crime." I should much question the correctness of this distinction, which is no where else to be found ; for it is manifest, whether the crime be in its nature single or several, it must depend on the language and provisions of the statute creating it, to ascertain whether the persons jointly concerned in doing the act are liable to a joint or several penalty. We must look to the statute creating the offence, to decide whether it be joint or several ; for at common law all offences are several.

The case of *Boutelle* v. *Nourse*, in 4 *Mass. Rep.* 431. is against the defendant. That was an action on a statute, providing, that if any person or persons should take or catch any salmon, alewives, &c. he or they so offending should forfeit and pay as a fine for each and every salmon so taken, &c. A recovery had been had against one jointly concerned in fishing with others ; and then an action was brought against another, who pleaded the former recovery in bar. It was decided, that the action could not be sustained, and that the plea in bar was good. Here, the statute not only constitutes a joint offence, but inflicts a particular penalty upon a spe-

*Hartford,*
November,
1817.

Curtis
*v.*
Hurlburt.

cific act, whether performed by one or more, which would also constitute a joint offence ; of course, there could be a recovery for one penalty only.

It has been further contended, that different words are used promiscuously in sundry statutes, as well as in different parts of the same statutes, where the manifest object is to punish the same kind of offence in the same manner ; and that, of course, though the words are different, the statutes should have the same construction ; and if in one instance it is admitted, that a joint offence is intended to be created, it ought to be admitted in all. But where the meaning of the statute is plain and evident, we must construe it according to the words ; and it can never be admitted to give a construction to a statute different from the import of the words, from a conjecture that the legislature had a different meaning. Such a power would enable a court to make what they pleased of a statute : and in the present case, it may as well be said, because the legislature, in making laws respecting the same subject, have made use of words in some, which create a several offence, and in some, a joint offence, that they intended all the offences should be several, as that all should be joint.

I am of opinion, that the words in the statute under consideration, constitute a several offence ; and that the plea of the defendant is insufficient.

TRUMBULL, J. was of the same opinion.

BRAINARD, J. This action is brought on the 6th section, chap. 1st, of the statute " for encouraging and regulating fisheries." The section is " that no person shall use any bush-seine in *Ousatonnick* river, or in any way obstruct, encumber or impede the drawing of seines, or taking of fish, in any of the fishing-places cleared as aforesaid, either by felling trees, or sinking logs, or other incumbrances therein, or in any other manner whatsoever, on penalty of sixty-seven dollars for every such offence." The facts are these. Sundry persons had used a bush-seine in that river, contrary to that section ; separate suits were brought against the individuals using the seine ; and a recovery of the penalty of sixty-seven dollars, had against one. This recovery, with a corresponding satisfaction, was pleaded in bar of the action.

*Hartford,*
November,
1817.

Curtis
*v.*
Hurlburt.

The question arises upon the sufficiency of this plea—whether the use of a bush-seine is a single offence, and the penalty of 67 dollars to be inflicted on the *offence* when committed—or on *each individual* concerned in committing it. It appears to me, that the use here contemplated, must be taken to mean a *single use;* that the *offence,* when committed, whether by one or more, is *single;* that, therefore, the penalty is single. The same reasoning will apply to a log thrown into the river, to the obstruction of fish; the offence would be the same, whether thrown in by one man, or by many.

It is said, that the peculiar phraseology of the section, controuls the construction. It is " that no person shall use any bush-seine, &c. on penalty of 67 dollars," &c. It is contended, that this is several on each individual; that where the statute says, that no person or persons shall set or draw any seine, &c. the offence is single, and the penalty single. But this distinction cannot be consistent with the meaning of the legislature.

The 8th section of the same statute says, " that no person or persons shall draw any seine or other fish-craft in *Quinebaug* river, except, &c. on penalty of 14 dollars;" and the 9th section says, " that no person shall draw any seine or other fish-craft in *Willimantic* or *Nachauge* rivers, except, &c. on penalty of 34 dollars." Now, we can hardly suppose, that the legislature intended, that if twenty men drew a seine in *Quinebaug* river, there should be a forfeiture of 14 dollars only, and that if the same number of men should draw a seine in *Willimantic* river, there should be a forfeiture of twenty times 34 dollars. The *act* is the same in one case, as the other; single in both. Why is not the *offence* the same in one case, as the other; and single in both?

It is true, these two sections are now repealed, and their places supplied by the second and third sections of the fifth chapter, of the same statute " for encouraging and regulating fisheries." The phraseology of these two last sections, is perfectly similar, and exactly like the one under consideration: it is " that no person shall draw any seine in *Quinebaug* river, &c. on penalty of 100 dollars." Now, we can hardly suppose, that the legislature intended by the section in relation to *Quinebaug*, now repealed—that if twenty men drew a seine in that river, there should be a forfeiture of

*Hartford,*
November,
1817.

Curtis
*v.*
Hurlburt.

14 dollars only; and that by the section substituted in its place, if twenty men should draw a seine in the same river, there should be a forfeiture of twenty times 100 dollars.

I believe the fact to be, that where the legislature intended to inflict the penalty on each individual committing the offence, they have, in every instance, so expressed it. Hence, the clause in all those sections, and in all those cases in which such is their meaning, is added—" and every person, who shall be convicted of a breach of this section of this act, &c. shall forfeit and pay," &c. I do not see the difference between the use of a seine, as a single act, and the killing of a hare. The act, in either case, when perpetrated, is one and entire; and I cannot perceive, that Lord *Mansfield* descended from his greatness, when he said, that the life of a hare was single; and that the offence of killing a hare, how many soever might direct their shafts at his life, was still single; and that on this offence, but one penalty, of course, could be inflicted. *Cowp.* 612. What is the offence complained of? The use of a bush-seine once. What is the penalty for one offence? Sixty-seven dollars. The sum has been paid.

In short, it appears to me, that the offence is single, and of course, the penalty single; that the single use or draught of a seine is one act, and, when perfected, constitutes the offence; that the legislature intended to inflict the penalty of 67 dollars on the offence when committed, and not on each individual committing the offence.

I would advise, that judgment be—that the plea in bar is sufficient.

BALDWIN and GODDARD, Js. were of the same opinion.

HOSMER, J. concurred in the opinion delivered by the Chief Justice.

GOULD, J. The only question is, whether the penalty, inflicted by the statute, upon which this prosecution is founded, is single, or several. Now, every crime, as far as respects the *guilt* of the parties, engaged in the perpetration of it, is several: and it is a general rule, that if two or more persons concur, in the commission of an offence; *each* offender is liable to a several *punishment.* This principle extends,

generally, as well to statute-offences, as to those, which are punishable by the common law ; nor does there appear to be, in general, any distinction, in the application of it, between the higher kinds of punishment and fines, or mere pecuniary penalties.   To this general rule, however, which I take to be universal at common law, some exceptions have arisen, in prosecutions on penal statutes ; and all the difficulty in the case is, in ascertaining the criterion, or line of distinction, by which those exceptions are limited.   It seems, at any rate, to be incumbent on the party, who claims, that a given offence is not within the general rule, to show, that it falls within the principle of some of the excepted cases.   For *prima facie,* at least, all crimes are, *quoad* the punishment, several.

The question has sometimes, or in one instance, at least, turned upon the *nature of the offence,* without regard to the terms, in which the penalty is prescribed in the statute ; as in the case of *Rex* v. *Clark & al. Cowp.* 610.   But the final criterion, as I conceive, if not the only one, is the apparent *intention of the legislature,* to be collected from the statute, upon which the prosecution is founded.   In the case of *Partridge* v. *Naylor, Cro. Eliz.* 480., which was an action upon a penal statute, against three, though the words of the act are, that " *every* person offending, shall, for every such offence, forfeit," &c. ; yet, the action being given only to the *party injured* by the offence, it was resolved, that only *one* penalty was incurred ; it being obviously intended by the legislature, rather as a *satisfaction* to the aggrieved party, than as a *punishment* of the offenders.   And upon this ground it is, that *Powell,* J. distinguishes that case, from *The Queen* v. *King,* 1 *Salk.* 182.   The latter was the case of a conviction for deer-stealing, against two ; and the words of the statute being, that the offenders shall " *respectively* forfeit 30*l.* ;" and the forfeiture being intended, not as a satisfaction, but as a punishment ; the penalty was awarded against each of the defendants.   In *Hardyman* v. *Whitaker & al.* 2 *East,* 573. n., which was an action of debt against nine persons, for a breach of the game-laws, the statute enacts, that " the person, or *persons* convicted," shall forfeit 5*l.* ; and it was resolved, that only *one* penalty was incurred : Because, say the court, " the *statute itself* has made the offence joint, and made them all subject to but one forfeit-

ure :" And it is added, that " the distinction is, where the offences are *made* joint," (*i. e.* by the terms of the statute) " and where not." And in the same case, the court, in referring to *The King* v. *Weston*, in which it was holden, that *each* defendant had severally incurred a statute-penalty, assign as a reason for the determination, that the penalty in the statute is laid upon " *every* person offending." The case of *Barnard* v. *Gostling* in error, in the *Exchequer-Chamber*, 1 *New Rep.* 245., was an action of debt, against two, for certain penalties. The words of the statute are, that " if *any* person shall," &c., " *every* such person shall, for every such offence, forfeit 50*l.*" And it was resolved, that the penalties were several ; because the *statute* declares " *every*" offender liable to the penalty, and therefore, that two defendants could not be joined in the action ; it being *debt*. *The King* v. *Bleasdale & al.* 4 *Term Rep.* 809., was the case of a conviction on the statute 5 *Anne*, for using a grey-hound to destroy game. The court held, that the question depended upon the *statute*, which enacts, that " if any person, or *persons*, shall" &c. ; " the person, or *persons*, so convicted, shall forfeit," &c. ; and that only one penalty was forfeited. The case of *Boutelle* v. *Nourse*, 4 *Mass. Rep.* 431. was debt for a penalty, against a sole defendant, who pleaded in bar, a former recovery, with satisfaction, for the same offence, against one *Morrill ;* and upon demurrer, the plea was adjudged sufficient, as only one penalty was incurred. The statute upon which that action, also, was brought, enacts, that " if any person, or *persons*, shall take any salmon, &c. he, or *they*, so offending, shall forfeit, &c. as a fine *for each and every salmon*," &c. Here the words, " he or *they* shall forfeit," clearly import, that if the offence should be committed by several, there should be but one penalty inflicted : and more especially, as a specific forfeiture is prescribed for *each fish* taken. The five cases, last cited, all turned, expressly, upon the *construction of the statutes*, upon which the prosecutions were founded ; and adopting this criterion, (for I am not satisfied with any other,) it appears to me, that the penalty, in the present case, is several.

The act upon which the prosecution is brought, provides, that " *no person* shall use any bush-seine, in said *Ousatounick* river, &c. on penalty," &c. These words, according to their proper acceptation, must be taken distributively ; and if so,

*Hartford,*
November,
1817.

*Curtis*
*v.*
Hurlburt.

the clause requires the same construction, as if it were, " *each* person offending shall forfeit ;" or, " all persons offending shall *respectively* forfeit."

Another case cited at the bar, is that of *Hill* v. *Davis,* 4 *Mass. Rep.* 137., which was an action of debt, for a penalty, against two executors, for not presenting a will to the judge of probate, as required by a statute of the state of *Massachusetts.* The determination, in that case, has no relation to the present question. It proceeded solely upon the *form* of the action. The statute, however, enacts, that " *every* executor so neglecting, &c. shall, for his, or her neglect, forfeit," &c. But *Parsons,* C. J. in delivering his opinion, observes, *obiter,* " If both executors neglect, a *joint* forfeiture is incurred by both." Now, upon this supposition, it would seem, the *neglect* of one of the executors must be, in law, the neglect of the other : a proposition, which, I confess, is to me not perfectly obvious. I am not, however, questioning the observation cited ; but there being no reasons assigned, for this part of the opinion, I do not understand the grounds of it : And not knowing upon what principle it was advanced, I cannot decide how far it is relative to the question now before the court.

It may be proper to observe, that in those cases, in which the construction of the statute determines, whether the penalty is joint or several, the question, whether one penalty only, or several, can be *recovered*, in a particular case, may, nevertheless, depend upon the *form of the prosecution.* For though several penalties may be inflicted upon one indictment, or public prosecution, where they are, by law, several ; yet, in a *civil* action, as I apprehend, and especially in the action of debt, there can, regularly, be but one judgment, and one entire recovery. This was the fatal objection to the action, in *Barnard* v. *Gostling.* That difficulty, however, does not exist in the present case : as the action is against a sole defendant.

The distinction, arising out of the *nature of the offence,* as pointed out by Lord *Mansfield,* in *Rex* v. *Clarke,* certainly exists ; but upon what principle, it can be adopted, as a criterion in questions of this kind, I am at a loss to perceive. That was an information upon the statute, 8 *Geo.* 1. *c.* 18. *s.* 25., for assaulting and *resisting* certain custom-house officers, in the execution of their duty ; and upon conviction, the

*Hartford,*
November,
1817.

Curtis
*v.*
Hurlburt.

question was, whether the penalty should be inflicted upon *each* of the defendants, severally, or *one* penalty only, upon all of them. The court determined, that each had incurred a several penalty ; and Lord *Mansfield* stated the distinction thus : " Where the offence is, in its *nature, single,* and cannot be several, there the penalty shall be *single* ; because, though several persons may join in committing it, it still constitutes but *one* offence. But where the offence is, in its *nature, several,* and where every person concerned may be *separately* guilty of it, there each offender is separately liable to the penalty ; because the crime of each is distinct from the offence of the others, and each is punishable for his own crime. For instance : the offence, created by *stat.* 1. and 2. *Ph. & M. c.* 12. is the impounding a distress in a wrong place. One, two, three or four, may impound it wrongfully ; it is still but *one* act of impounding ; it cannot be several. It is but *one* offence ; and therefore, should be satisfied by *one* forfeiture. So under the *stat.* 5 *Ann. c.* 14. for the preservation of the game, killing a hare is but *one* offence, in its *nature ;* whether one, or twenty, kill it, it cannot be killed more than once. If partridges are netted by night ; two, three, or more may draw the net ; but still it constitutes but *one* offence. But *this* statute relates to an offence, in its *nature, several ;* a several offence at common law ; and the statute adds a further sanction. One may resist, another molest, another run away with the goods. One may break the officer's arm, another put out his eye. All these are distinct acts ; and every one's offence entire, and complete, in its nature. Therefore, each person is liable to a penalty, for his own separate offence."

The meaning of the distinction, thus pointed out by Lord *Mansfield,* is, that in the latter case, (that of resisting custom-house officers,) *each* of the *acts,* supposed to be done, by the different persons concerned, is, *of itself,* a *resistance—* which is the offence prohibited : so that each of those acts, taken singly, constitutes the offence : whereas, if several join in killing a hare, and each one does some distinct act, to accomplish the purpose, (as, by giving the animal a separate wound ;) *each* of those acts, taken separately, is not a *killing,* and therefore, does not, *of itself,* constitute the offence : there being, in the whole, but *one killing,* and conse-

*Hartford,*
*November,*
*1817.*

Curtis
*v.*
Hurlburt.

quently but one crime committed. All this is certainly true; but how does it prove, that each individual concerned, is not, in law, separately guilty of that one crime? Or, that each is not liable to a several punishment for it? The general rule certainly is, that when several persons unite, in committing an offence, the act of one is the act of all, and of every other, respectively; and that *each* is punishable for what is done by *all*, or by any one of the parties concerned. If ten persons join in committing a murder, and each one commits a distinct act of violence, with his own hand; *each* several act does not, by itself, constitute the *murder*. There is, in the whole, only one killing, and consequently, but *one* felony; as in the case of killing a hare, under the game-laws, there is but *one* statute-offence. In this respect, therefore, the two cases are precisely alike. But in the former case, *each* person concerned is, in law, severally guilty of the crime of murder; though there is but *one* murder committed; and each is severally punishable for it. What reason, then, *arising out of the nature of the offence*, can be assigned, why the same rule does not apply to the killing of a hare, by several? I am constrained to acknowledge, that I am utterly unable to discover any reason. That the offence, in the one case, exists at common law, and is created by statute, in the other, can, surely, make no difference in the question, whether the crime, or the punishment, is, in the *nature* of the case, single, or several; though, where the statute is in *affirmance* of the common law, as in *Rex* v. *Clarke*, the former circumstance may assist, in discovering the *intention of the legislature*. But with regard to the three instances, referred to by Lord *Mansfield*, in which the penalty is single, it appears decisively, from the *statutes themselves*, that a single penalty only was *intended* by the legislature: and they all correspond, exactly, with the rule of distinction, which I have been endeavouring to support. The penalty for impounding a distress in a wrong place, is given as a *satisfaction* to the party *aggrieved* by the offence. And in the statutes, relating to the killing of a hare, and the netting of partridges, the penalty is *made* single, by the words, " the person or *persons* shall forfeit."

It may also be worthy of consideration, that when the punishment of an offence, in which two or more persons join, is

*Hartford*,
November,
1817.
Curtis
*v.*
Hurlburt.

not several, all the offenders, except one, however numerous they are—may, and often will, escape all punishment. For the whole penalty and costs may be collected from one of them; and no contribution can be enforced against the others. Is this consistent with the general principles, and ends, of criminal law? Where, indeed, a statute creating an offence, evinces, by its phraseology, or otherwise, an *intention* in the legislature, to inflict but a single penalty, (as where it is given, by way of *compensation*, to the individual, injured by the offence; or where the language of the act *makes* it single,) there is a plain positive ground of exception to the general rule; and the will of the legislature, is a sufficient reason for it, without enquiring further. In almost all the decided cases, in which this question has arisen, the intention of the legislature, as collected from the *statute itself*, has been resorted to, as the criterion: and I am satisfied with it, as the true one.

But even according to the distinction in *Rex* v. *Clarke*, the penalty in this case, is, in my judgment, clearly several. For the statute does not require, as essential to the offence, the actual *catching*, or *taking*, of fish, in a bush-seine: the mere " *using*," of such a seine, incurs the forfeiture. And *each act*, of *each* individual in *fishing*, (*i. e.* in *endeavouring* to take fish,) with such a seine, is certainly " using" it, for that purpose, within the principle of the distinction in *Rex* v. *Clarke*. *Every* such act, therefore, constitutes, of itself, the offence, prohibited in the statute. But I will not occupy time, in further applying that distinction to the present case; as I fully approve of the criterion derived from the *construction of the statute*. My opinion is, that the judgment ought to be reversed.

In what I have said of Lord *Mansfield's* opinion, in *Rex* v. *Clarke*, I would not be understood to suggest a doubt of the correctness of the determination in that case: though the words of the statute, upon which the action was brought, are, " the party, or *parties*," shall forfeit. For the circumstance, that the offence incurred a several punishment, at *common* law, and that the statute sanction was only *cumulative*, was sufficiently evincive of the intention of the legislature, that the penalty should be several, notwithstanding the particular phraseology of the act. That circumstance re-

*Hartford,*
November,
1817.

Curtis
*v.*
Hurlburt.

pelled the conclusion, which the words, " party or *parties*," might otherwise have furnished.

EDMOND and SMITH, Js. gave no opinion, being related to one of the parties.

Plea in bar insufficient.