HARVARD LAW LIBRARY

BREWSTER and others *against* HAMMET and LANE.

*A.* and *B.* being partners, *C.* brought an action against *A.*, for a debt due from him individually, and attached an undivided moiety of the partnership stock; *A.* having no interest therein, except as a partner. At this time, *A.* was insolvent: the partnership also was insolvent. *A.* and *B.*, claiming that the creditors of the partnership had a priority of right to the partnership funds, and that they ought not to be taken for the payment of *A.'s* individual debt, then brought a bill in chancery to restrain proceedings in the action brought by *C.*, and for a restoration of the property attached. Held, that the plaintiffs were not entitled to the relief sought; as they were not invested with the rights of the partnership creditors; and as the effect of a decree in their favour would be, to leave the partnership funds, so protected from the claims of the attaching creditor, subject to the disposition of the insolvent partner—a result, from which the creditors of the partnership would derive no benefit.

A separate creditor of one partner can take only his interest in the partnership funds; and that interest is his share in the surplus beyond the debts of the partnership.

This was a bill in chancery for an injunction to restrain proceedings at law, and for a restoration of property attached, reserved, with the report of a committee finding the

facts, for the advice of all the Judges, on the question whether the plaintiffs were entitled to the relief sought.

*Daggett* and *Sherwood,* for the plaintiffs.

*Sherman* and *Bissell,* for the defendants.

HOSMER, Ch. J.    *Sturges Brewster* and *Robert Anderson* were partners in trade until the 22d day of *February,* 1819, when they dissolved their partnership connexion, with a view to the settlement of their concerns.    On the same 22d of *February, Augustus Hammet* and *William I. Lane* caused an attachment to be issued against the said *Robert Anderson,* for his separate debt, and attached the one equal and undivided half of the stock of the above-mentioned partnership, as the property of *Anderson;* and having left it, unremoved from the place where it was taken, in the possession of *Sturges Brewster* and one *Caleb Brewster,* the officer took their joint receipt, to deliver it to him on demand.    Judgment has been rendered in the aforesaid action against *Anderson,* and the execution stayed until the further order of the court.    At the time of the above-mentioned attachment, *Anderson* was insolvent, as was likewise the said partnership, the debts due from the firm then exceeding all their property of every description.    What was the proportion of the several partners in the company funds, does not appear; but it does appear, that *Anderson* had no separate or individual interest in them, and only his share as copartner.    The plaintiffs, on the ground that the partnership property ought not to be appropriated to the payment of *Anderson's* debt, have preferred their bill in chancery, praying that further proceedings at law, in the action aforesaid, may be stayed; that an action on the aforesaid receipt may be inhibited, and the said *Caleb* and *Sturges Brewster* be discharged from all obligation arising out of their said receipt; and that the property attached may be exonerated from the attachment.

It is the object of the present bill to obtain a dissolution of the obligation arising from the before-mentioned attachment, and a restoration of the goods attached, because the partnership is insolvent, and the creditors are supposed to have a priority of right to the joint fund.    The plaintiffs are *Sturges Brewster, Robert Anderson* and *Caleb Brewster;* and to render their bill sustainable, they must make out a title to the

*Fairfield,*
*June,*
*1823.*

*Brewster*
*v.*
*Hammet.*

remedy sought. If the prayer of the bill is granted, the partnership property will be unencumbered, by the lien of the attachment, and in the possession of *Anderson,* as well as of his late partner ; and the effect of the decree will be to frustrate the judgment of the attaching creditor, and leave the property subject to the disposition of his insolvent debtors. This would be precisely equivalent to a protection of the property of an insolvent partnership from the demands of separate creditors, while the same remains in the hands of the partners, and subject to their disposal. From such a proceeding, the creditors of the partnership may derive no benefit, but more probably would be subjected to irreparable disadvantage ; and the fund, which ought to be appropriated to the payment of their demands, become dissipated and lost. If the creditor of *Anderson* take the property, he assumes a liability to the equitable demands of the creditors of the firm upon him ; and their interest will be better promoted, by leaving them to the redress to which they have a claim, than by placing the fund in the possession of their insolvent debtors.

The separate creditor of a partner can be entitled to nothing more than the person is, in whose place he stands ; that is, he can only take his debtor's share, after his copartner is satisfied for all his demands on the partnership, in that character. *West* v. *Skip,* 1 *Ves.* 239. *Fox* v. *Hanbury, Cowp.* 445. *Taylor* v. *Fields,* 4 *Ves.* jun. 396. *Dutton* v. *Morrison,* 17 *Ves.* jun. 193. *Nicoll &* al. v. *Mumford,* 4 *Johns. Chan. Rep.* 522. *Rodriguez* v. *Heffernan &* al. 5 *Johns. Chan. Rep.* 417. *Robbins &* al. v. *Cooper &* al. 6 *Johns. Chan. Rep.* 106. It was said by Lord *Hardwicke,* in the case of *Skipp* v. *Harwood,* (reported in 1 *Ves.* 239. by the name of *West* v. *Skip,*) " If a creditor of one partner takes out execution against the partnership effects, he can only have the undivided share of his debtor ; and must take it in the same manner the debtor himself had it, subject to the rights of the other partner." *Fox* v. *Hanbury, Cowp.* 449. The principle was recognized by Lord *Mansfield,* in the case last cited, and afterwards, by the court of *Exchequer,* in *Taylor* v. *Fields,* 4 *Ves.* jun. 396. In commenting upon the principle above stated, Chief Baron *Macdonald* enquired, " What is the manner in which the debtor himself had it ?" and to this question he immediately gives the following reply : " He had that which was undivided, and could only be divided, by first delivering the effects

from the partnership debts." His Lordship, after a further discussion of the subject, expressed the opinion, that "If the partner himself had nothing more than an interest in the surplus beyond the debts of the partnership, upon a division; (a principle, which he had already assumed) if it turns out that at common law, *that* is the whole that can be delivered to, or taken by, the assignee of a partner, the executor, the sheriff, or the assignee under a commission of bankruptcy; all that is delivered to the creditor taking out the execution, is the interest of the partner, in the condition and state he had it; and nothing was due to this partner separately, the partnership being insolvent. The whole property was due to the partnership creditors, and not to either partner." In *Pierce* v. *Jackson*, 6 *Mass. Rep.* 242. the same doctrine was recognized and declared, by Ch. J. *Parsons.* "At common law," said he, "a partnership stock belongs to the partnership, and one partner has no interest in it, but his share of what is remaining after all the partnership debts are paid. See also *Rice* v. *Austin*, 17 *Mass. Rep.* 197. 206.

From the preceding principle, it results, in this case, that the equitable property in the goods attached, is vested in the creditors of the copartnership. Had it appeared, that *Sturges Brewster* was creditor to the partnership, in the character of partner, to the amount of the company funds, the property taken by the officer for *Hammet* and *Lane* would have been his, and as between him and *Anderson*, he would be entitled to the restoration of it. So, if the creditors of the partnership had made their application for the property, to pay their debts; or if *Sturges Brewster* had paid them, there being no right in the fund remaining in *Anderson*, and had brought his bill to be put in their place; I should, unhesitatingly, be of opinion, that the company effects ought to be taken out of the hands of the separate creditor of *Anderson*, to pay the debts of the creditors, or to be retained by *Brewster*, for his reimbursement. But, uninvested as the plaintiffs are, with the rights of the partnership creditors, and uninformed as we are of the relative condition of the partners, *Brewster*, if the bill had been in his name and behalf, could not be entitled to the property attached, because *Anderson* is insolvent, and he fears the being compelled to pay the partnership debts. They may, hereafter, all be paid by *Anderson*, and none of them by *Brewster*; and in all events, the

*Fairfield,*
June,
1823.

Brewster
*v.*
Hammet.

partners have no equitable claim to the restoration of the property.

The plaintiffs, as the result, are not entitled to the relief sought ; and can take nothing by their bill.

The other Judges were of the same opinion.

Bill to be dismissed.