Winston v. Ewing.

## WINSTON v. EWING.

1. A writ of *fieri facias* against the goods, &c. of one partner, may be levied on the property of the partnership, and the interest of the defendant in execution sold ; but a debt due the partnership, cannot be attached by process at law, to pay the separate debt of a partner.

The defendant in error, having sued out an original attachment against the estate of Alexander Bell, for the sum of six hundred dollars, returnable to the circuit court of Greene, caused the plaintiff to be summoned as a garnishee, that he might disclose on oath what he was indebted to the defendant in attachment, etc.   The garnishment being served on the plaintiff, he made the following answer, viz :—" Erie, 3rd Sept., 1837 : I acknowledge being garnisheed by S. B. Ewing, for the purpose of answering whether I was indebted to Alexander Bell or not.   I hereby acknowledge that I dealt with A. & J. R. Bell to the amount of eighty dollars, or thereabouts, and that I have given my note either to the firm, or J. W. Bell.

                "JOHN M. WINSTON.
"Sworn to and subscribed in open court, 4th September, 1837.
                "JAMES A. BEAL, Clerk."

On this answer the circuit court at its term holden in September, 1839, rendered a judgment as follows :—" the garnishee in this cause, at a former term of this court, having filed his answer, by which he acknowledged that he is indebted to the firm of A. & J. R. Bell, the sum of eighty dollars, by note due the first day of January, 1838.   It is, therefore, considered by the court that the plaintiff recover of the garnishee the sum of forty-five dollars and thirty-two cents, the interest of the said Alexander Bell, in the firm of A. & J. R. Bell, including the interest thereon up to this time, and the said garnishee recover the cost in this behalf expended, for which execution may issue."   To reverse

this judgment the garnishee has prosecuted a writ of error to this court.

GRAHAM, for the plaintiff.
MURPHY & JONES, for the defendant.

COLLIER, C. J.—Several questions were made at the argument of this cause; but we propose only to enquire, whether an undivided interest of a partner in a debt due the copartnership can be subjected by attachment to the payment of a separate debt of one of the partners ?

It may be regarded as a well established principle of the common law, that the creditor of any one partner may execute and sell that partner's interest in all the tangible property of the partnership.   (3 Bos. & Pul. Rep. 289.)   (In Heydon v. Heydon, 1 Salk. Rep. 392.)   It was held by *Lord Holt*, that in an action against one of two partners, the sheriff must seize all the goods, because the moieties are undivided ; for if he seize but a moiety and sell that, the other partner will be entitled to a moiety of that moiety, but he must seize the whole, and sell a moiety thereof undivided.   And (in Shaver v. White, 6 Munf. Rep. 113) the court considered the law to be, that on an attachment for the separate debt of one partner, the sheriff must seize all the partnership effects, and sell an undivided moiety, and the vendee will be a tenant in common with the other partner.

It has even been held that as soon as the execution is levied, the partnership *quoad*, the goods seized, is at an end, and the *creditor* becomes tenant in common with the other partner; while the sheriff has a special property in the goods, and may be regarded as a legal agent for the sale.   After the sale has been made, the *vendee* will be tenant in common with the other partner. (2 Swanst. Rep. 587 ; 3 Bos. & Pul. Rep. 289 ; 3 Car. & P. Rep. 309 ; 1 Salk. Rep. 392.)

In Skipp v. Harwood, (Cowp. Rep. 451.) it was laid down, that as a creditor of one partner who has the partnership effects levied on, can only have the undivided interest of his debtor, he must take it in the same manner as the debtor himself had it,

and subject to the rights of the other partner.    And in *ex parte Smith* (16 Johns Rep. 106) the court said where an execution issues for the separate debt of one partner, it has been the constant practice to take the share which such partner has in the partnership property ; but it has been settled, at least, since the case of Fox v. Hanburg, (Cowp. Rep. 445,) that the sheriff can sell only the actual interest, which such partner has in the partnership property, after the accounts are settled ; or subject to the partnership debts.    The separate creditor takes it in the same manner as the debtor himself had it, and subject to the rights of the other partner." (See also Moody v. Payne, 2 Johns. Ch. Rep. 548 ; Wilson & Gibbs v. Conine, 2 Johns. Rep. 280 ; Ridgeley v. Carey, 4 Har. & McHen. 167.)

The Supreme Court of Massachusetts in Pierce v. Jackson (6 Mass. Rep. 242,) held that an attachment of partnership goods in a suit against one partner for his separate debt, will not prevail against a subsequent attachment of the same goods in a suit against the partnership.    And in Tappan v. Blaisdell, [5 N. Hamp. Rep. 190,] it was decided that goods belonging to a firm cannot be held by attachment upon a writ, or by a seizure upon an execution against an individual partner, for his separate debt, so long as any debt remains due from the company.    All that can be taken, is the interest of the debtor in the firm ; not the partnership effects themselves, but the right of the partner to a share of the surplus that may remain after all the debts are paid. To the same effect [see Knox v. Summers, 4 Yeates' Rep. 477 ; Doner v. Stauffer, 1 Penn. Rep. 198 ; Church v. Knox, 2 Conn. Rep. 514 ; Brewster v. Hammett, 4 Conn. Rep. 540 ; Barber v. Hartford Bank, 9 Conn. Rep. 407.]

And it has been expressly adjudged that the interest of one partner in a debt due to the partnership cannot be subjected, by process of attachment, to the satisfaction of the separate debt of that partner, without showing from the state of the partnership accounts, as between the partners, and with reference to the indebtedness of the partnership, what the right or interest claimed amounts to.    [Fisk v. Herrick, 6 Mass. Rep. 271 ; Lyndon v. Gorham, 1 Gall. Rep. 367 ; Church v. Knox, 2 Conn. Rep. 514 ; Brewster v. Hammett, 4 Conn. Rep. 540.]

Thus, we discover that the property of a partnership may be levied on, by execution against one of the partners, and the interest of that partner sold to satisfy it. Yet the law cautiously protects the interest of the copartners and the creditors of the firm, by restraining the vendee under execution from appropriating the property purchased to his own separate use, until the partnership accounts are adjusted, and the demands of the joint creditors either paid or provided for. It is but sheer justice that the estate of a debtor should be held liable to the payment of his debts, no matter how it may be situated, giving, however, a preference to creditors who have the highest claim upon it. It would be unjust if an individual could, by investing his estate in a partnership concern, defeat his separate creditors in the collection of their debts; and it would work quite as great injustice, if the copartner, who had acquired an interest in that estate by the connection in business, could be deprived of his lien upon it for balances due, or to pay debts. The law as we have stated it, secures the rights of all, and is established most firmly upon authority as we have already shown.

But the right to attach a debt due the partnership, to pay the separate debt of a partner, rests upon different reasoning than that which applies to the execution and sale of the joint property. In the latter case, the property is not removed and cannot be appropriated 'till all liens upon it, growing out of or relating to the partnership, are discharged—while, in the former case, the judgment against the garnishee, if acquiesced in, changes the right of property and divests the copartner's title to the property attached. This, we have seen, cannot be done so long as the partnership accounts remain unsettled, or its debts unpaid. In the case at bar no enquiry seems to have been made into the affairs of A. & J. R. Bell, so that for any thing appearing to the contrary, the debt due by the plaintiff in error, may have been required to pay balances due J. R. Bell, or to enable him to discharge the liabilities of the firm.

It remains but to add that the judgment of the circuit court is reversed and the case remanded.