MARCH TERM, 1854; CIRCUIT SESSION IN SEPTEMBER, 1854;
MARCH TERM, 1855;

AND AT THE

CIRCUIT SESSION IN SEPTEMBER, 1855.

---

PRESENT,

HON. ISAAC F. REDFIELD, CHIEF JUDGE.

HON. PIERPOINT ISHAM, } ASSISTANT JUDGES.
HON. MILO L. BENNETT, }

---

GILMAN H. SHEDD, THOMAS F. HAMMOND AND OTHERS, *Creditors of the firm of Hammond & Draper, v.* GILMAN WILSON, LYCURGUS C. HAMMOND AND FRANCIS DRAPER.

[IN CHANCERY.]

*Preference of partnership creditors. Appropriation of payments.*

The creditors of an insolvent partnership have, in equity, a claim to the partnership property, which is paramount to any lien that may be acquired, by an attachment of it, by

either the creditors of the individuals composing the partnership, or the creditors of another firm composed of the same members together with others.

Where there are current accounts between parties, and no appropriation of the payments are made by either party, the law appropriates them in the order of time: *i. e.*, the first payment in discharge of the first item on the debtor side, and so on.

APPEAL from the court of chancery. It appeared from the bill, answer and evidence that the orators were creditors of the firm of Hammond & Draper, formerly iron founders, consisting of the defendants, Lycurgus C. Hammond and Francis Draper. This firm failed on the 14th of March, 1850, and the orators commenced suits against them, made attachments of their property, and had obtained judgments in said suits. Prior to those of the orators, the defendant Wilson, had made an attachment of the property of the said firm of Hammond & Draper to secure a demand in his favor against the firm of Hammond, Draper & Co., consisting of the defendants, Lycurgus C. Hammond and Francis Draper, together with one Jonathan Martin; upon which attachment he had obtained a judgment and execution. The firms of Hammond & Draper and Hammond, Draper & Co. maintained establishments, and prosecuted business separate and distinct from each other, the former in Windsor, the latter in Dorset; Martin having no interest in the establishment or business at Windsor. Previous to the 4th of May, 1848, or about that time, the business at Dorset was carried on by Hammond & Draper only; and at that time when Martin became a partner and interested in the business at Dorset, the said firm of Hammond & Draper were owing the defendant, Wilson, a balance of about $89.41 ; by the agreement of both firms and of Wilson this balance was charged over by Wilson to Hammond, Draper & Co., and became a matter of accounting between the two firms. The above balance so charged over was the first item in a long account between the defendant Wilson and the said Hammond, Draper & Co., which accrued at different times between the 4th of May, 1848, and the 14th of March, 1850, and upon which the said firm had made payments, from time, to time, to an amount of about one thousand dollars in all ; and the claim upon which the said Wilson's attachment and judgment was founded was for the balance due upon this account.

The court of chancery at its December Term, 1852, decreed, in

accordance with the prayer of the bill, that the attachment of the defendant Wilson be set aside and postponed to the several attachments of the orators, and that the proceeds and avails of the property attached be applied upon the several debts of the orators *pro rata,* and that the defendant Wilson pay the orator's costs. From this decree, the defendant Wilson appealed.

*D. Roberts* for the defendant Wilson.

*W. Currier* for the orators.

The opinion of the court was delivered by

BENNETT, J. It seems that the defendant Wilson first attached the property of the firm of Hammond & Draper to secure a debt against the firm of Hammond, Draper & Co., and he now claims *priority in equity,* as well as at law, over the creditors of Hammond & Draper, who subsequently attached the same property. The firm of Hammond & Draper is admitted to be *insolvent,* and we apprehend this case must be governed by the case of *Washburn et al.* v. *Bellows Falls Bank et al.,* 19 Vt. 278. In that case it was settled that in equity the creditors of an insolvent partnership were entitled to have the partnership *assets* applied in satisfaction of their debts, in preference to the creditors of the individual partners, notwithstanding the seperate creditors had gained a *priority* at law. It was the right of Wilson to exhaust the assets of Hammond, Draper & Co.; but if he goes against the assets of the firm of Hammond & Draper, it must be subject to the equitable rights of the creditors of that firm.

Wilson was the creditor of Hammond, Draper & Co., and not of Hammond & Draper, though they were each one liable for the whole debt, as well as Martin.

The fact that the firm of Hammond, Draper & Co. may be *insolvent* is no reason why the plaintiffs should not have the relief which they seek. If this bill had been brought by the firm of Hammond & Draper to protect this property for the benefit of their creditors, it would seem upon the authority of *Brewster* v. *Hammet,* 4 Conn. 540 ; it might not have been sustained, and the reason would be, probably, that there would be no assurance that an *insolvent firm* would apply the funds to such a purpose.

But in this case, the creditors themselves seek the relief, and are entitled to have their claims preferred to Wilson's claim against the new firm. The case is the same in principle as if Wilson's claim was against either Hammond or Draper individually. The creditors of Hammond & Draper have *a lien* upon the assets of the firm in equity, and it is not material to inquire whether that grows out of the inherent right of the creditors, or whether they are substituted to a *lien*, which the partners are supposed to have upon the assets of the firm, arising out of an implied contract, that the effects shall be first applied to the payment of the partnership debts.

Though it is quite possible our courts would not stay the collection of Wilson's debt, out of the effects of Hammond & Draper, upon a bill brought by them, according to the case in the 4 Conn.; yet when the bill is brought by the creditors, the reason which prevailed with the court in that case, ceases to exist. But, even, when the bill is brought by an *insolvent firm* to prevent the effects of the firm from being withdrawn by being taken to pay the private debts of one of the partners, to the injury of partnership creditors it might well be inquired whether a court of chancery might not in such case grant relief, requiring the *insolvent firm* to give security for a due application of their assets to the payment of the partnership debts.

This, however, is a point not before the court. The case of *Washburn et al.* v. *Bank of Bellows Falls et al.* was very fully considered, and it may be considered as settling this case, and it is not needful to go further into the consideration of it. This is not like the case of *Bardwell* v. *Perry et al.* 19 Vt. 292; in which it was held that the private creditors of the individual members of a firm, had no *paramount rights*, over the *private* property of the partners, to the partnership creditors.

The object of Wilson is to take the partnership effects of *Hammond & Draper*, to the injury of their partnership creditors, to pay a debt, which he holds against a firm composed of them and Martin. To allow this, would in effect be to deny the *paramount* right of partnership creditors to the partnership effects in a case of insolvency.

The case shows that a part of the demand of Wilson upon

---

---

which his judgment was rendered, consisted in a balance that was due him on book from Hammond & Draper, and that it was charged over by him to the firm of Hammond, Draper & Co., by the mutual consent of both firms. Did it not appear in the case that Hammond, Draper & Co. had subsequently paid over to Wilson on account, a sum much larger than the balance against Hammond & Draper, which was charged over to them, it might be well questioned whether Wilson's right, so far, to the effects of Hammond & Draper would not be paramount, *in equity*, to the rights of the orators. But the rule is, that where there are current accounts between two parties and no appropriations made by either party, the law makes the appropriation according to the order of time in the items in the account, the first item in the debtor side being the item discharged by the first item on the credit side.

This, I understand, is a well settled rule. *Clayton's case*, 1 Meri. 572, 608. *Bodenham* v. *Purchas*, 2 Barn. & Ald. 45, 47. *United States* v. *Kirkpatrick*, 9 Wheat. 720. The balance then due from Hammond & Draper to Wilson must be considered as cancelled by the items in the account of Hammond, Draper & Co. against him.

The decree of the chancellor is affirmed with costs in this court.