MARTIN FLANNERY *v.* EDWARD FLANNERY AND MICHAEL FLANNERY.

[In Chancery.]

*Interest. Cost.*

Three parcels of land were purchased for the orator, but were deeded to the defendant to secure him for assuming certain mortgages on the land, and for his own notes which he gave for the purchase price. When the bill was brought to redeem, there were current accounts between the parties, the most of which being without dates except the year they accrued; *Held,* in computing the interest, that it was proper (*a*) to make annual rests on the first day of January of each year following years in which items of account appeared, and allow simple interest on the amount of each rest to the date of the master's report; (*b*) that where specific payments had been made, with dates, and application made on the notes so assumed by the defendant, interest should be computed from the date of payment; and (*c*) that annual interest should be computed on said notes to date of maturity, and then simple interest on the amount of each annual payment.

2.   Only in exceptional cases will the Supreme Court disturb the adjustment of costs by the chancellor.

BILL IN CHANCERY. Heard on the pleadings, master's report and exceptions thereto, September Term, 1884, TAFT, Chancellor. It was adjudged that a decree be entered for the orator; that defendant Edward Flannery make proper conveyance of the lands to the orator on payment of the sum found due him; that in determining the amount due, the accounts due from each party to the other be adjusted annually, and the payments applied at the time when made, and simple interest cast upon the balance.

*A. V. Spaulding,* for the defendants.

The notes that Edward Flannery gave and assumed when

the property in controversy was deeded to him are in equity notes that the orator should pay to the defendant according to the terms thereof, and that they are outstanding against the orator while anything remains due thereon; and the orator is not entitled to a conveyance of said property till he has paid the defendant in full for the same according to the terms of the contract made between them. All of said notes being on annual interest, such interest should be computed thereon, till the orator pays them and takes them up. 1 Aik. 410; *Austin* v. *Imus,* 23 Vt. 286; Story Pr. Notes; *McDaniels* v. *Harbour,* 43 Vt. 460; *Howard* v. *Scott,* 50 Vt. 48. The decree is erroneous as to application of payments. *Pierce* v. *Knight,* 31 Vt. 701; *Rosseau* v. *Cull,* 14 Vt. 83; *Briggs* v. *Williams,* 2 Vt. 283.

*J. J. Monahan* and *L. F. Wilbur,* for the orator.

The rule adopted by the chancellor for application of payments and the method for the computation of interest, is correct. Payments made before the debt falls due must be applied exclusively to the principal; payments made after debts fall due must be applied to the interest till the interest is extinguished and then on the principal. 1 Aik. 410; 13 Vt. 430; *Abbott* v. *Wilmot,* 22 Vt. 437; R. L. s. 1997; *Bradford Academy* v. *Grover,* 55 Vt. 464.

The rule in cases of running accounts is to make annual rests and allow simple interest on the balance in favor of the party to whom it may be due. *Carpenter* v. *Welch,* 40 Vt. 251; *Davis* v. *Smith,* 48 Vt. 52; 31 Vt. 679; 30 Vt. 285.

Application of specific payments should be made at the time when the payments were made, if the time can be ascertained, or interest be cast thereon till the time of annual rest. 55 Vt. 464; 12 Vt. 246; 13 Vt. 15; 27 Vt. 478; 28 Vt. 498; 31 Vt. 701; 46 Vt. 448–515; 25 Vt. 613; 47 Vt. 253; 47 Vt. 565.

The opinion of the court was delivered by -

VEAZEY, J. Three different parcels of land were purchased for the orator, two by himself and one by the defendant Edward, one piece in 1864, one in 1869, and one in 1872. All the deeds were made to Edward, in accordance with an agreement between him and the orator, for the purpose of securing him, Edward, for such sums as he might pay and such liability as he might assume in said purchases, and the further agreement that Edward should convey said parcels to the orator upon payment by him of what Edward had paid and assumed in the purchase. At the time the first piece was purchased at the price of $2,800, Edward was owing the orator on book $869.75 which had accrued during 1863 and 1864 to October 4, the date of the purchase and deed to Edward. In addition to the said real estate deal between the orator and Edward and specific payments thereon by the orator to Edward, there was other deal between them from the time of said first purchase until 1878, constituting proper items of book charge. There were sixty-two items in favor of the orator and fifteen in favor of Edward. But these items on both sides included the real estate transactions and specific payments thereon by the orator to Edward. When Edward took the deed of the first piece he assumed an outstanding mortgage thereon securing annual, interest-bearing notes; and he also gave similar notes to the grantor for a portion of the purchase price. The special master does not report whether Edward actually paid more than simple interest, or that he did not pay the interest when it fell due. The orator prays that the account between him and Edward be settled and that he be allowed to redeem upon payment of any balance found due from him to Edward. The facts bearing on the right to redeem are not material to be stated, as no question is now made as to that by Edward, the only question being as to the rate of interest each is entitled to as against the other.

There is no finding of the master in respect to any under-

standing of the parties on the question of interest on either side; but in addition to what is above stated the master reports that Edward accepted payments in money, notes, and other property, and gave credits for some such payments received from the orator; also that the latter is entitled to the application in his favor of all credits found in the general settlement of accounts by virtue of an understanding between him and Edward to that effect. Not many of the items in either party's account are dated except the year they accrued. In several cases the month is given, but not the day of the month.

Several items in favor of the orator are designated by the master as "Specific payments," and those are dated.

The master further states that the orator made no specific application of his payments, when he made payments, except in cases where he paid, fully or in part, some of the notes assumed by the defendant Edward in the purchases of the real estate in question; that Edward gave credit generally whenever and for whatever sums he gave the orator credit, that the accounts on both sides were running accounts, that no receipts were given, and that there was a general course of dealing without any settlement between them or accounting till this suit was brought.

It is a settled rule in this State that where there are current accounts between two parties and no appropriations made by either party, the law makes the appropriation according to the order of time in the items in the account, the first item in the debtor side being the item discharged by the first item on the credit side,—*Shedd* v. *Wilson*, 27 Vt. 478; or as expressed in another case, "the earliest credits to pay the earliest charges." *Pierce* v. *Knight*, 31 Vt. 701.

The difficulty in this case is that it is not a case where there was no application of any payments by either party and no understanding in respect to them. On the other hand there was an understanding as above stated, and applications by each party as to some payments.

We think the rule adopted by the master was adapted to the mixed state of facts which the report presents. Annual rests were made on the first day of January of each year following years in which items of account appeared, and simple interest was computed on the amount at each rest, from the date of rest to date of report, except in cases where specific payments were made and their dates given, in which cases interest was computed from date of such payment. This was the method adopted on the orator's account, and the same method of computation of interest was followed in the defendant's account, where it was applicable. But as to the notes bearing annual interest assumed or given by the defendant Edward, annual interest was computed on each note of these two series to the date of its maturity, and simple interest was then computed on the amount of each annual payment including annual interest from date of payment to date of report, assuming that principal and interest were paid according to the terms of the several notes assumed and given. We think the assumption was proper in the absence of anything to controvert it.

As to the specific payment items and as to said notes, the settled Vermont rule as to annual rests did not apply, because that is confined to cases of ordinary running book accounts.

The chancellor was justified in apportioning costs as he did. Although the defendant denied all right to a decree, yet the case involved an adjustment of accounts, and the balance is against the orator. It is only in exceptional cases that the Supreme Court disturbs the adjustment of costs by the chancellor, and no sufficient reason appears in this case to make it exceptional.

The decree of the Court of Chancery is affirmed except as to adjustment of interest. In that respect it is reversed and cause remanded with mandate.