(100 South. 485)

## BROADWAY v. JONES et al. (8 Div. 648.)

(Supreme Court of Alabama. May 22, 1924.)

Trial ⟨⟩252(4)—Refusing charge not authorized under evidence held proper.

Where only issue was whether funds garnished were those of defendant or belonged to claimant, and there was no claim of partnership or joint ownership between them, there was no error in refusing charges that, if claimant had interest either as joint owner or partner, then verdict should be for him.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Action by R. E. and B. E. Jones against C. H. Broadway on promissory note, with garnishment in aid of suit; Lawrence Broadway intervening as claimant. Judgment for plaintiffs, and claimant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Charges 2 and 3, refused to claimant, are as follows:

"(2) If you believe from the testimony in this case that Lawrence Broadway, the claimant, has an interest in the funds garnisheed, either as a joint owner or as a partner with C. H. Broadway, then your verdict should be for the claimant, Lawrence Broadway.

"(3) I charge you, gentlemen of the jury, that unless you believe from the evidence in this case that the funds garnisheed belong solely to C. H. Broadway, and unless you further believe that Lawrence Broadway has no interest in said funds, either as a joint owner or as a partner with C. H. Broadway, then your verdict should be for the claimant."

Proctor & Snodgrass, of Scottsboro, for appellant.

Charges 2 and 3 asserted correct principles of law, and should have been given. 28 C. J. 95; Pulliam v. Schimpf, 100 Ala. 362, 14 South. 488; Robinson v. Bullock, 58 Ala. 618; Nelms v. McGraw, 93 Ala. 245, 9 South. 719; Peck v. Lampkin, 200 Ala. 132, 75 South. 580; Orr, Jackson & Co. v. Perry, 16 Ala. App. 658, 81 South. 150; Herren v. Harris, Courtner & Co., 201 Ala. 577, 78 South. 921.

J. K. Thompson, of Scottsboro, for appellees.

The law of the case was fully stated to the jury by the court.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

GARDNER, J. Appellees brought suit against C. H. Broadway on two promissory notes, and had garnishment proceedings issue to the Tennessee-Alabama Lumber Company. The garnishee admitted indebtedness to C. H. Broadway, the defendant, and suggested Lawrence Broadway as claimant of the funds in hand. In the present case issue was joined between plaintiffs (appellees here) and appellant, Lawrence Broadway, the jury returning a verdict in favor of the plaintiffs, from which the claimant has prosecuted this appeal.

The refusal of charges 2 and 3, requested by the claimant, constitutes the only question argued by counsel for appellant. It is insisted by counsel that these charges correctly state the rule to the effect that a debt due defendant and another not a party defendant, cannot be reached by garnishment, citing 28 C. J. 97, 20 Cyc. 1070, and Winston v. Ewing, 1 Ala. 129, 34 Am. Dec. 768. Counsel for appellees takes no issue with appellant's counsel as to the law, but insists that the argued matter is her abstract, and that, in any event, the court had sufficiently instructed the jury upon any phase of the case justified by the proof.

The evidence has been carefully read and considered, and we find the only issue it presents is whether the funds were those of defendant C. H. Broadway or his son, Lawrence, the claimant. There was no contention of joint ownership or partnership. These funds represented the proceeds of the sale of certain lumber. The defendant did not testify. Speaking in reference to this particular lumber, Lawrence Broadway, the claimant, said:

"This lumber I sold belonged to me, and my father had no interest whatever in it."

The court in its oral charge made very plain to the jury the issue they were to determine, but out of abundance of caution further instructed the jury that, if defendant and claimant were partners, and each had an interest in the lumber, plaintiff could not prevail in this action.

We find no evidence as to joint ownership or partnership, and very clearly no occasion presented itself for any distinction being made between joint owners and a partnership. The only real issue presented by the proof was whether the funds were those of defendant or belonged to the claimant, and upon this issue the court very clearly charged the jury. We are therefore of the opinion there was no reversible error in the refusal of these charges numbered 2 and 3, and that the judgment appealed from should accordingly be here affirmed.

Affirmed.

ANDERSON C. J., and SAYRE and MILLER, JJ., concur.