## MOORE & Co. v. SAMPLE.

1. A sheriff is justified in levying an execution against the goods of one partner, on the goods belonging to the firm, and in an action of trespass against him by the firm, evidence is not admissible to prove that the partnership goods were not more than sufficient to satisfy their debts.
2. When the sheriff levies on the interest of one partner, he is justified in taking exclusive possession of the goods of the firm, until the aid of a court of equity is successfully invoked.

Writ of error to the Circuit Court of Autauga county.

ACTION of trespass, for breaking the close and carrying away the goods of the plaintiffs.

At the trial, it appeared that the defendant, acting as sheriff of Autauga county, levied an execution, issued against Edward H. Moore, on a stock of goods, which were the property of said Moore, Samuel H. Moore, John H. Moore, and Turner H. Moore, the plaintiffs, who were partners, and ejected them therefrom, for about twelve days, after which time he returned the goods to the possession of the plaintiffs. The plaintiffs offered evidence conducing to prove, that the stock of goods was not more than sufficient to satisfy the partnership debts, contracted by the firm, in their purchase of the goods. This evidence was excluded by the Court; to which the plaintiffs excepted. They also requested the Court to charge the jury, that a sheriff, holding an execution against an individual member of a firm, cannot levy upon the partnership property, exclude the other partners from the possession, and proceed to sell, under said execution. This was refused; and the jury was instructed, that a sheriff holding an execution against one member of a firm, may levy upon the partnership goods, take them into his exclusive possession, and sell the individual interest of said member of the firm. This was also excepted to by the plaintiffs, who now prosecute this writ of error, to reverse the judgment rendered in favor of the defendant.

The errors are assigned upon the questions decided by the Circuit Court.

HILLIARD, for the plaintiffs in error—cited, Pierce & Baldwin v. Pass & Co. 1 Porter, 232; 3 Peters' Dig. 164; 1 Gall, 367; Peters' C. C. 460; 8 Pet. 271; 2 Sumner, 409; 6 Mass. 271.

HAYNE, contra, relied on Winston v. Ewing, 1 Ala. Rep. N. S. 129.

GOLDTHWAITE, J.—The quantity of interest which each partner has in the goods of the partnership, may oftentimes be a question very difficult to decide, but it is certainly clear, from authority, that this interest is the subject of levy and sale under an execution. We have heretofore had occasion to examine the cases connected with this principle, although it has not been directly presented for decision, in any case before us. Most of them are collected and stated in the case of Winston v. Ewing, 1 Ala. Rep. N. S. 129, and we shall consider our duty as discharged, by giving some of the reasons which led our minds to this conclusion.

Each partner has an interest in his own right, coupled with a possession, and the conjunction of these, is sufficient in every case, to authorise a sheriff in making a levy. When the levy is made, if the rights or interests of other partners are so commingled with those of him whose estate is seized, that injury to them will probably result from further action by the sheriff; a case is presented for equitable interposition. If this is not successfully invoked, the sheriff must, of course, proceed to sell. We are not now required to declare what right the purchaser may acquire under such a sale, but unless it can be made, the singular anomaly would exist, of a possession held by the defendant, coupled with an interest in his own right, which cannot be reached by execution at law. It is needless to say, if such a condition of property was permitted by law, it would lead undoubtedly to covin and fraud.

Hence, we conclude, that the evidence offered, was properly rejected.

2. The charge of the Court, seems also to be free from error. The sheriff, is bound at his peril, to answer for the interest which the defendant has in the goods which are levied on, and if not permitted to have exclusive possession, they might be eloigned without his fault. It is the misfortune of those whose interests are so connected with those of a defendant in

execution, that their respective estates cannot be severed. But this condition of things, certainly ought not to cause injury, either to the plaintiff or the sheriff. If there is any fault, it is with the partners, who have so connected their estates, that justice cannot be done to others, without injury to themselves. Morley v. Strombom, 3 B. & P. 254 ; Parker v. Pistor, ib. 288; Chapman v. Koops, ib. 288; Heyden v. Heyden, 1 Salk.. 392; Bechurst v. Clinkard, 1 Show. 169; Jacky v. Butler, 2 Ld. Raym. 871.

The judgment is affirmed.