## SPEAR, TRUSTEE, v. WALKLEY.

1. A bequest of slaves to a husband, to be held and worked by him for the use of his wife and children, but subject in no way to his debts, contracts, or judgments, and at his death to be equally divided among his children, then living, does not create a legal estate in the husband, which can be sold under execution at law.

Writ of Error to the Circuit Court of Barbour.

CLAIM of property interposed by Spear, as trustee for his wife and children, to a certain slave levied on as his individual property, by virtue of a writ of *fi. fa.* in favor of Walkley.

At the trial, the claimant made title to the slave, under the following bequest, in the will of Mrs. Hampton, to wit: "I give and bequeath to Anderson Spear, Letty, Becky and her children, Joe and Leonora, and their future increase, to be held and worked by him, for the use of his wife and children, but subject in no way to his debts, contracts, or judgments, and at his death to be equally divided among his children, then living, and the issue of such as may be dead, taking together the part that would have fallen to their parent."

The claimant also proved that the debt for which the levy was made, was due at the time the will above stated was made, and that he was insolvent. It was also in proof that the wife and children of the claimant, living with him at the time of the levy, were the same as at the time when the will

was made, and that he did not have the possession of the slaves until after the death of the testatrix.

On this state of proof, the circuit court charged the jury, that the slave was subject to the plaintiff's execution.

This charge is the only error assigned.

J. E. BELSER, for the plaintiff in error, insisted, that the claimant was a mere trustee for his wife and children, under the will, and took no beneficial interest by the devise. [Hunt v. Booth, 1 Free. 215; O'Neal v. Teague, 8 Ala. Rep. 345; Lamb v. Wragg, 8 Porter, 73; Johnson v. Thompson, 4 Dess. 458; 2 R. & M. 197; Anderson v. Anderson, 2 M. & R. 427; Bennet v. Davis, 2 P. Wms. 316; Jarman v. Bridget, 6 S. & R. 467.

BUFORD, contrà, argued, that goods given to the joint use of husband and wife, are subject to the husband's debts. [Harkins v. Coalter, 2 Porter, 463,] To make a separate estate to the wife, there must be words to exclude the interest of the husband. [Lamb v. Wragg, 8 Porter, 72.] So a bequest to wife and children makes the interest of the wife subject to the husband's debts. [Dunn v. Bank of Mobile, 2 Ala. Rep. 152; Inge v. Forrester, 6 Ib. 418; Br. Bank v. Williams, 7 Ib. 589.] As the use for the benefit of the wife passed to the husband absolutely, the restriction upon the right of disposition is void.

GOLDTHWAITE, J.—Without at this time undertaking to decide whether the husband has, or has not, an interest in the profits of the slaves bequeathed by Mrs. Hampton, we are clear he has no such interest in the slaves themselves as is the subject of levy and sale under execution. The title to the slaves is vested in him for a special purpose, and his control over them is, to work them for the use of his wife and children. If they can be taken from his possession by a creditor, the trust that they shall be worked *by him*, cannot be carried into effect, but will be certainly defeated. On the other hand, if the profits of these slaves, when worked, constitutes a fund to be divided between the wife and children,

42

then the wife's share of that devolves on the husband, and can only be separated and ascertained by a court of equity. This case has a very remote resemblance, if any, to Banks v. Carlton, 7 Ala. Rep. 32, or Branch Bank v. Wilkins, Ib. 589, for in both these cases the use was a general one, for the benefit of the wife, whilst here, the slaves are to be used in a particular mode, and by a particular person.

The judgment, for the error in the charge, is reversed and and the cause remanded.