BRIDGES & CO., ET AL., *vs.* PHILLIPS.

1. A married woman may come into equity, suing by her next friend, to protect her separate property from levy and sale under executions against her husband, if her trustee refuses to interpose a claim at law.

2. A bill filed by a married woman against several execution creditors of her husband, seeking to enjoin the sale of her separate property under their executions, and to reform, if necessary, the deeds under which she claims, is not multifarious.

3. Where slaves are partly purchased and paid for with the money of the husband, and a bill of sale taken to himself as trustee of his wife, he has such an interest in them as may be subjected to the payment of his debts; but his creditors must file a bill for this purpose, to ascertain and separate his interest from that of his wife.

APPEAL from the Chancery Court of Macon.
Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by Catherine V. Phillips, suing by her next friend, against her husband, John W. Bridges & Co. and Martin Stetson. Its object was, to enjoin the defendants Bridges & Co. and Stetson from further proceedings under their executions against her husband, which had been levied on certain slaves which the complainant claimed as her separate property, and also to reform, if the court should deem it necessary, the deeds of gift under which she claimed; and it alleges that her trustee refuses to interpose any claim for her at law. The complainant derived title to one of the slaves under a deed of gift from James Anthony, her brother, which purported to convey the slave " to the said Catherine V. Phillips, during her natural life, for her sole and separate use, free from the control or any of the liabilities or debts of her husband; and in the event of her death, the said negro girl and her increase are hereby given and granted to the heirs of her body forever." Another was conveyed, by deed of gift, by Wilder Phillips, who was the father of complainant's husband, " to the said Catherine V. Phillips during her natural life, for her sole and separate use, and in the event of her death, to the heirs of her body forever." The complainant also claimed another slave, by the name of Handy, under a

bill of sale from N. H. Clanton, which recited that the purchase money had been paid by complainant herself, and purported to convey the slave to her husband "in trust for the sole and separate use of the said Catherine V., his wife, free and exempt from all his debts, liabilities and demands"; but the proof tended to show that a part of the purchase money was paid by the husband.

The defendants demurred to the bill, first, for want of equity; secondly, because the complainant had a full and adequate remedy at law; and, thirdly, for multifariousness. The chancellor overruled the demurrer, and granted a perpetual injunction against further proceedings to subject the slaves to the satisfaction of the executions, but without prejudice to defendants' right to file a bill for the purpose of severing the husband's interest in the slave Handy, and subjecting it to the payment of their debts. This decree is now assigned for error.

N. W. Cocke, N. Harris and J. E. Belser, for appellants. Geo. W. Gunn, *contra*.

LIGON, J.—The bill in this case was filed for two purposes: 1st, to enjoin the sale of the slaves claimed by the complainant as her separate estate from sale under writs of *fi. fa.* issued on judgments against her husband; and, 2nd, to reform, if the chancellor esteemed it necessary, the deeds made by Phillips and Anthony, for two of the slaves levied on, so as to make them vest a separate estate in the complainant, which she alleges was the purpose and intention of the grantors at the time they were made. The defendants, Bridges and Stetson, in the court below, demurred to the bill for want of equity, for multifariousness, and because the complainant had a full and adequate remedy at law.

The bill is filed by a married woman, whose separate estate is levied upon for the debts of a third person, and whose trustee refuses to interpose a claim at law, and thus try her right to the property in the law forum; she has no other remedy left her than the assertion of her right, through her next friend, in a court of equity. In this respect, the case is identical with that of Calhoun v. Cozens, 3 Ala. R. 498, in which the bill was held to be well filed. There is no multifarious-

ness. The levy, a sale under which is sought to be enjoined, is by two plaintiffs at law, it is true ; but it is upon the same slaves, and the complainant asserts one title to them all. To require a bill for each creditor, or for each slave, would tend to encourage a multiplicity of suits, which equity abhors.— Larkins *et al.* v. Biddle *et al.*, 21 Ala. 252 ; Mitford's Plead. 181–2 ; Story's Eq. Pl. § 530. The refusal of the trustee of a married woman to protect her separate estate at law, gives her the right to go into equity, by her next friend, to seek such protection, no other remedy being open to her.—3 Ala. Rep. 498. The chancellor did not err in overruling the demurrer.

We concur with him, also, in his construction of the deeds under which the complainant holds. Those from Phillips and Anthony vest a separate estate in her by their terms, and expressly exclude the marital rights of her husband. It is true, that the donors limit the property, after her death, to " the heirs of her body ;" but this does not enure to the benefit of her husband ; the only effect it can have is, to vest an absolute estate in the complainant, who is the first taker.

The deed from Clanton, if considered alone in reference to its terms, would have the same effect. But when taken in connection with the proof, which shows that a part of the purchase money, or the means whence it was derived, belonged to the husband, an interest in the slave, to the extent of the purchase money which belonged to and was paid by him, is established, and is unquestionably liable to the payment of his debts. But, inasmuch as a court of law cannot separate it from that of the wife, it cannot be proceeded against in that forum. The creditor must file his bill in equity for this purpose, when the chancellor will ascertain and separate the interest of the defendant in execution, and by his decree devote it to the payment of the demand of the creditor, whose lien has been fixed by judgment and issue of execution at law. Fellows, Wadsworth & Co. v. Tann, 9 Ala. 999.

There is no error in the record, and the decree is consequently affirmed.