## ANDREWS vs. KEITH.

[ACTION BY SHERIFF AGAINST PURCHASER AT EXECUTION SALE.]

1. *Levy of fi. fa. against partner individually on partnership effects.*—It is settled in this State, that a sheriff, having in his hands an execution against one member of a partnership, may levy it on that partner's undivided interest in the partnership effects, and, for his own protection, may take the goods into his exclusive possession.

2. *Rights of purchaser at sheriff's sale.*—A purchaser at sheriff's sale under execution, of the interest of one of several partners, does not acquire a right to the exclusive possession of the partnership effects, but only becomes a tenant in common with the other partners; and the effects are still liable to the partnership debts, to the same extent as before the sale.

3. *Delivery of possession to purchaser.*—Although the sheriff may, generally, refuse to deliver the property to the purchaser until the purchase-money is paid or tendered; yet, if he makes it one of the conditions of the sale, when selling partnership effects under execution against one of the partners individually, that he will make actual delivery of the goods to the purchas-

er, he cannot, in an action brought by him to recover the purchase-money, be heard to insist that he had no authority, as sheriff, to make such stipulation.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. NAT. COOK.

THIS action was brought by W. B. Andrews, against M. J. A. Keith, to recover the purchase-money agreed to be paid for certain pieces of marble and tomb-stones, which the plaintiff had sold, as sheriff of Dallas county, under execution against one J. M. N. B. Nix, and which were knocked off at the sale to the defendant, as the highest and best bidder. The suit was commenced before a justice of the peace, and was removed by the plaintiff, by *certiorari*, into the circuit court; and on the trial in that court, the plaintiff reserved the following bill of exceptions:

"On the trial of this' cause, the evidence tended to show that the plaintiff, during the entire year 1857, was the sheriff of Dallas county, and, in January of that year, received an execution from the circuit court of Talladega county, issued on a judgment in favor of J. M. Keep against J. M. N. B. Nix, for more than $400, besides costs; that one Griffith, a deputy of said plaintiff, on the — day of January, 1857, levied said execution on certain tomb-stones and pieces of marble, belonging to the firm of J. T. Nix & Co., in Selma; that said firm was composed of said J. M. N. B. Nix and one J. T. Nix, and was engaged in the business of cutting and dressing marble in Selma; that said tomb-stones and marble, at the time of said levy, were in the marble-yard of J. T. Nix & Co., which was then in the possession of said J. T. Nix; that said J. T. Nix was present at the time of said levy, and made no objection to it, but told the deputy-sheriff that said marble and tomb-stones belonged to the firm of J. T. Nix & Co., and that he would not allow him to take possession of them; that said deputy-sheriff, after making the levy, went off, and left said marble and tomb-stones in said yard, and did not take possession of them, except

by entering the levy on the execution; that said J. T. Nix, after said levy, remained in the possession of said yard, marble and tomb-stones, and carried on the business of the partnership, and sold and sent off part of the marble so levied on, and bought and brought into the yard two or three car loads of marble; that the plaintiff, as such sheriff, afterwards advertised for sale, under said execution, as the property of said J. M. N. B. Nix, the marble and tomb-stones so levied on; that on the day appointed by said advertisement, the plaintiff went into said marble-yard, with a number of persons, to make said sale, and found said J. T. Nix still in possession of the yard, marble and tomb-stones; that said J. T. Nix then stated to plaintiff and the other persons present, that the said yard and marble therein belonged to said J. T. Nix & Co., and that he would not allow any of said marble and tomb-stones to be taken away; that the plaintiff, as sheriff, then offered one of the tomb-stones for sale as the property of said J. M. N. B. Nix, and it was knocked off to said Keep for five dollars; that one Jones then told the plaintiff that he ought not to sell the marble by the piece, but ought to sell the interest of said J. M. N. B. Nix in all the marble and tomb-stones levied on; that plaintiff then consulted with the attorneys of said Keep, who instructed him to sell the interest of said Nix in the marble by the piece, and plaintiff then made proclamation to that effect; that some one in the crowd asked, whether the sheriff would deliver the marble to the purchasers, and plaintiff replied, that he would; and that the plaintiff also stated to the crowd, at other times during the sale, that he would not demand pay from the purchasers until he had delivered the marble to them. Some of the witnesses stated, that plaintiff proclaimed, during the sale, that he would deliver the marble to the purchasers, outside of the yard, before he would demand pay for it. As to the words used by plaintiff during the sale, there was a conflict in the evidence; and one witness testified, that he was present at the sale, but did not hear plaintiff promise to deliver the marble to the purchasers.

"The evidence further tended to show, that towards

the close of the sale, the defendant bid thirty dollars and fifty cents for certain pieces of marble, and the same were knocked off to him at that price; and that all the marble and tomb-stones in the yard at the time of the sale were sold, both that which was levied on, and that which was bought and brought into the yard after the levy. After the sale, the sheriff and the crowd went away; and said J. T. Nix remained in the possession of the yard and marble, and continued the business of the partnership as before, selling said marble, and buying other marble. After leaving said marble-yard, the sheriff instructed his agent in Selma not to receive any pay on account of said sale until he gave him directions about it, as he wished to get legal advice about the matter. Two or three days after the sale, the sheriff instructed said agent to collect the money from the purchasers at the sale; and thereupon said agent, meeting the defendant in the streets of Selma, demanded said sum of thirty dollars and fifty cents. Said agent testified, that when he made said demand, the defendant replied, that he would not pay for the marble until it was delivered; that he (witness) answered, that he would go with him to the yard and show him the marble; that defendant replied, he knew where the marble was as well as said agent, but he would send a dray up to the yard, and, if the agent would deliver the marble to him on the dray, he would pay the money; that said agent refused to do this, and the defendant did not pay the money. Another witness, who was present at the time said agent made said demand, testified, that defendant said, when the demand was made, that he would pay for the marble if the agent would deliver it according to the contract; that the agent offered to show the marble to the defendant, but did not offer to deliver it; and that he heard nothing said about a dray. The evidence further tended to show, that said marble sold for greatly less than its real value.

" On this evidence, the court charged the jury—

" 1. That if they believed from the evidence, that plaintiff, as sheriff, had an execution in his hands in favor of J. M. Keep against J. M. N. B. Nix, and caused the same

to be levied on certain pieces of marble in Selma, as the property of said Nix, and advertised the same for sale as the property of said Nix, and, on the day of sale, offered for sale the interest of said Nix in said marble, piece by piece; and that said marble was the property of J. T. Nix and J. M. N. B. Nix, as partners; and that plaintiff, on the day of sale, sold the interest of said J. M. N. B. Nix in said marble, piece by piece; and that the defendant bid off some of the pieces of marble at the sale, at the price of thirty dollars and fifty cents; and that one of the conditions of the sale was, that the sheriff would deliver the marble to the purchasers before he would demand pay for the same; and that he never did deliver, or offer to deliver, the marble bid off by the defendant,—then the plaintiff is not entitled to recover.

"2. That, as a general rule, if a sheriff sells the interest of one partner in the partnership effects, he is entitled to demand payment from the purchaser at the sale, without delivering the property into his possession; but, if a sheriff levies an execution against one partner on the property of the partnership, and sells the interest of said partner in said property, and makes it a condition of the sale that he will deliver the property to the purchaser before he will demand payment for the same,—then, if such sheriff does not deliver, or offer to deliver the property to the purchaser, he has no right to demand payment for it.

"The plaintiff excepted to each of these charges, and then requested the court to instruct the jury—

"1. That if the defendant knew, at the time of the sale by the sheriff, that he only sold the interest of J. M. N. B. Nix as a partner, and the claim of the other partner was fully known to the purchaser, then he is charged with notice as to the powers of the sheriff, and has no right to rely on any representations of the sheriff, as to his right to make an actual delivery of the property to the purchaser.

"2. That if the property was partnership property, and one partners' interest only was sold, the sheriff could make no delivery but such as the law implies by the pur-

chase; and if the sheriff made the declaration insisted on by the defendant, then the law will refer such declaration to such delivery as the law authorized him to make."

The court refused each of these charges, and the plaintiff excepted; and he now assigns as error the charges given by the court, with the refusal of the charges asked.

GEO. W. GAYLE, J. D. F. WILLIAMS, and JNO. T. MORGAN, for the appellant.

J. R. JOHN, and JONA. HARALSON, *contra.*

STONE, J.—It was settled in this State in 1842, th.. a sheriff, having in his hands an execution at law ag.... t one member of a partnership, may levy such exec...... upon the defendant's undivided interest in the par.... r-ship effects, and, for his own protection, is authoriz... 'o take the goods into his exclusive possession. It wa ..'.o ruled in the same case, that in a suit by the firm a; ... .st the sheriff, for such seizure, it is not permissible for ,... n-tiffs to prove that their partnership effects were not .; .re than sufficient to pay their partnership debts.—Mo.. v. Sample, 3 Ala. 319; Waters v. Taylor, 2 Vesey & B. : .); Winston v. Ewing, 1 Ala. 129.

Although there exists in the reported cases of ..:er States, much contrariety of decision on this qu..:..n, (see 1 Parsons on Con. 178—9, notes *f.* and *g.*, ...re the authorities are collected,) we do not feel at .ib.. . to depart from the principle above asserted.

It is laid down in our former adjudications, tha! ..iff, in levying an execution, should obtain dominio ..n-trol of the goods; but it is also settled, that if a be made on slaves, when they are not present and u .he control of the sheriff, this does not avoid the s. ter-wards made by him.—Cawthorn v. McCraw, 9 ,19, 526; Cobb v. Cage, 7 Ala. 619; McConeghy v. .'aw, 31 Ala. 447; McIntosh v. Walker, 17 Ala. 20.

[2.] It is also settled in this State, that a pur ..r at sheriff's sale acquires all the legal title which th. .fend-ant in execution owned, and only acquires such ..tle as

ALABAMA.

he had subject to levy and sale under execution.—Shep. Dig. 635, § 76.

The purchaser at sheriff's sale under execution, of the interest of one of several copartners, does not acquire a right to the exclusive possession of the partnership effects. The defendant in execution had no such right. His title is that of a tenant in common with the other copartners, having the rights pertaining to such tenancy; and the effects are liable to the partnership debts to the same extent as they were before the sale.—See Winston v. Ewing, *supra;* Moore v. Sample, *supra;* Collier on Part. §§ 822—24; 1 Parsons on Contr., *supra;* Crocker on Sheriffs, § 434.

[3.] It is generally the duty of the sheriff to have personal property present, in sight, when he sells under execution. He doubtless may refuse, until the purchase-money is paid or tendered, to let the property pass into the hands of the purchaser. This, however, is a matter for his determination. Whether he is required by the law to make a manual delivery of the property, we need not decide.—Crocker on Sheriffs, §§ 479, 480. Be this principle as it may, if the sheriff makes it one of the conditions and terms of his sale that he will make actual delivery of the goods, a purchaser has the clear right to stand on the terms of his bargain; and if in such case, the sheriff, without delivering or offering to deliver the goods, but refusing in fact to make the delivery, sue the purchaser for the amount of his bid, he will not be heard to assert that he, as sheriff, had no authority to make such bargain, and therefore is not bound by it. We can perceive no reason for a distinction between a case of this kind, and a sale by an administrator in which he makes stipulations not required of him by the law.—Stoudenmeier v. Williamson, 29 Ala. 558; Atwood v. Wright, *ib.* 346; Rice v. Richardson, 3 Ala. 428; Craddock v. Stewart, 6 Ala. 77; Addison on Contracts, 840—42.

The rulings of the circuit court are in strict accordance with the principles above laid down, and its judgment is affirmed.