Robertson & Pettibone v. Johnston.

---

## ROBERTSON & PETTIBONE vs. JOHNSTON.

[BILL IN EQUITY BY JUDGMENT CREDITORS TO REACH EQUITABLE ASSETS.]

1. *Construction of deed of gift in trust for married woman and " heirs of her body."*—A deed of gift, by which slaves and other personal pro-. perty are conveyed to a trustee, in trust for the separate use and benefit of the grantor's daughter, then a married woman having children, " and the heirs of her body now begotten and hereafter to be begotten," free from the control, debts and liabilities of her husband ; with a further stipulation, that the trustee should permit the daughter to have the possession and control of such portion of the property " as shall and may be necessary for the welfare and comfort of her and her children," but should have power, at his discretion, to take the property into his own possession, " and so to employ and manage the same as shall be to the true interest and benefit of her and her children,"—confers upon the daughter's children, who were living when the deed was executed, an equal and joint interest with their mother, subject to diminution by the subsequent birth of other children.

2. *When debtor's beneficial interest in trust property may be subjected in equity to payment of debts.*—Under a deed of gift, by which slaves and other personal property are conveyed to a trustee, for the separate use and benefit of the grantor's daughter, then a married woman, and her children, free from the control, debts and liabilities of her husband ; with a further stipulation, that the trustee " shall and will, at all times hereafter, permit all, or such portion of said property, to be and remain in the possession and under the control of " the daughter, " as shall and may be necessary for the welfare and comfort of her and her children ;" pro-

vided, that the trustee "may and shall, at any and all times, have the right and authority to take possession of said property, should he deem it necessary and proper for him so to do, and to employ and manage the same as shall be to the true interest and benefit of her and her children,"—although no portion of the trust property can be sold for the payment of the daughter's debts, her share of the income and profits may be severed and applied in equity. (RICE, C. J., *dissenting*.)

APPEAL from the Chancery Court at Claiborne. Heard before the Hon. WADE KEYES.

THE bill in this case was filed by Robertson & Pettibone, merchants and partners in trade, in behalf of themselves and such other creditors of Mrs. Delilah Johnston as might come in and contribute to the expenses of the suit; and sought to subject to the satisfaction of their debts Mrs. Johnston's interest in certain slaves and other personal property, which were conveyed by her father, William J. Gressett, by deed of gift dated the 22d January, 1843, to Edward C. Gressett, as trustee, upon the following trusts: "To have and to hold to him, the said Edward C. Gressett, his heirs and assigns, to his and their use and behoof, forever; upon trust and confidence nevertheless, and to and for the uses following—that is to say, to the own, proper, separate use and behoof of the said Delilah Jane Johnston and the heirs of her body now begotten and hereafter to be begotten, free from all and every claim or demand, control, debts, liabilities or engagements of her husband, William H. Johnston, which may now, or shall at any time hereafter exist, in any manner, shape or form whatsoever; and also upon this further trust and confidence, and to this intent, that the said Edward C. Gressett shall and will, at all times hereafter, permit all, or such portion of said property, to be and remain in the possession and under the control of the said Delilah Jane Johnston, as shall and may be necessary for the comfort and welfare of her and her children; provided, and it is hereby declared to be the true intent and meaning hereof, that the said Edward C. Gressett shall and may, at any and all times, have the right and authority to take

possession of the said property, should he deem it necessary and proper for him so to do, and so to employ and manage the same as shall be to the true interest and benefit of the said Delilah and her children; and likewise upon this further trust, that provided the said Delilah shall depart this life, leaving no issue of her body at the time of her death, then, and in that case, the said property shall go to and belong to her said husband, William H. Johnston, absolutely; and the said Edward C. Gressett shall, upon the said Delilah so dying, without issue of her body, in the life-time of her said husband, immediately thereafter transfer and convey said property to the said William H. Johnston, in absolute right, subject to no limitations, conditions, or restrictions whatsoever."

At the time when this deed was executed, Mrs. Johnston had two children, who were made defendants to the bill, jointly with her and the trustee, Edward C. Gressett. William H. Johnston died prior to 1850. The complainants' judgment was rendered at the spring term, 1855, of the circuit court of Monroe, and was founded on a promissory note dated the 12th February, 1855, and payable one day after date; which note, the bill alleged, was given for goods, wares and merchandise, sold and delivered by complainants to Mrs. Johnston during the years 1850, 1851, 1852, 1853, and 1854. An execution was duly issued on the judgment, and was returned "no property found;" and the bill alleged that Mrs. Johnston had no property liable at law to the satisfaction of the judgment. The prayer of the bill was, "that the interest and share of the said Delilah in the said trust property may be ascertained, and severed from that of her said children; that the same, or such portion thereof as may be necessary for that purpose, when ascertained, may be decreed to be sold for the satisfaction and discharge of complainants' said judgment;" and for such other and further relief as the justice and equity of the case might require.

The defendants filed separate answers, admitting the material allegations of the bill, and demurring—1st, for want of equity; 2d, for misjoinder of parties; and 3d, for multifariousness.

On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is now assigned as error.

TORREY & LESSLIE, for appellants.

No counsel appeared for the appellees.

WALKER, J.—The question of law upon which the decision of this case depends, is, whether the appellee, Mrs. Johnston, has an interest in the property conveyed by W. J. Gressett, or its profits, which it is the province of a court of chancery to appropriate to the payment of her debts, after the creditor has exhausted his remedy at law.

The trusts of the conveyance are, that the trustee hold the property for the use of Mrs. Johnston "and the heirs of her body now begotten, or hereafter to be begotten," free from the claim, control, debts and liabilities of the husband of Mrs. Johnston; that the trustee should permit all, or such portion of the property, to be and remain in the possession and under the control of Mrs. Johnston, as should be necessary for the welfare and comfort of Mrs. Johnston and her children; provided, that the trustee should have the authority to take possession of the property, should he deem it necessary and proper, and so to manage and employ it as should be to the true interest and benefit of Mrs. Johnston and her children.

The grantor in the deed, in describing the beneficiaries of the trusts created, uses at first the words " heirs of the body *now* begotten, and hereafter to be begotten," and afterwards the word " *children.*" The phrases *heirs of the body* and *children* are used as synonymous. The intention is also apparent, that the children of Mrs. Johnston should receive and enjoy a vested interest in the trust in the life-time of their mother. *Heirs of the body* must, therefore, be deemed a word of purchase, and not of limitation.—Williams v. Graves, 17 Ala. 62; Powell v. Glenn, 21 Ala. 458; Doyle v. Bouler, 7 Ala. 246; Fellows, Wadsworth &. Co. v. Tann, 9 Ala. 999; Darden v. Burns, 6 Ala. 362; 2 Jarman on Wills, m. pp. 13, 14.

The conveyance, then, is in trust for Mrs. Johnston

and her existing and after-born children.   The effect of letting in after-born children, as participants in the trust, would not be to postpone any appointed distribution of the property; and in the absence of such an effect, the authorities agree, that the grant to the after-born children is valid.—2 Jarman on Wills, 98, 99, 100; Dunn and Wife v. Bank of Mobile, 2 Ala. 152.   Thus understood, the conveyance is for the use of Mrs. Johnston and her children existing and after-born, with the right of possession to Mrs. Johnston of so much of the property as might be necessary for the welfare and comfort of herself and her children; provided that the trustee should have the discretionary power to take possession of the property, and so manage and control it as should be to the true interest and benefit of her and her children.   At the time of the conveyance, Mrs. Johnston had two children; she has not since had any.   By the conveyance, she and those two children have equal interests of one-third in the benefits provided, which are subject to diminution by the birth of other children, who will be entitled to come in as equal participants with them.—Vanzant v. Morris, 25 Ala. 285; Dunn v. Bank, *supra*.

The terms of this trust will not permit a sale of the specific property belonging to the trust, for the payment of Mrs. Johnston's debts.   Such a sale would interfere with and defeat the provision for the possession by Mrs. Johnston of so much of the property as might be necessary for the welfare and comfort of her children as well as herself, and with the discretionary power of the trustee to so manage and control the property as might be to the true interest and benefit of Mrs. Johnston's children as well as herself; and it would interfere with the intention that the children of subsequent birth should come into an equal participation in the enjoyment of the benefits provided in the trusts.—Spear v. Walkley, 10 Ala. 328; Jasper v. Howard, 12 Ala. 652; Fellows, Wadsworth & Co. v. Tann, 9 Ala. 999; Love v. Graham, 25 Ala. 187; Bridges v. Phillips, 25 Ala. 136.

It does not follow, however, because the trust property cannot be sold for the payment of debts, that the interest

of Mrs. Johnston has a perfect immunity from liability to her debts. This case differs in its facts from Hill and Wife v. McRae, (27 Ala. 175,) so essentially as to make the decision of that case inapplicable here. The court, in that case, deemed the trust to be for the payment of only so much of the income of the estate as might be necessary for the comfortable and reasonable support of the beneficiary and his wife and children. These persons took no equitable title to the property; they took only a support, to be collectively enjoyed out of the income; any excess of the income, not consumed in that way, was left to accumulate in the hands of the trustee. The right conferred by the trust was simply to an enjoyment, in common with the wife and children, of a comfortable support. There was no distinguishable property susceptible of identification conferred. It is here very different. The entire use and benefit derivable from the property is bestowed upon the beneficiaries. Whatever income or profit may accrue during the life-time of Mrs. Johnston, is secured to her and her children. Although the income might be a hundred fold more than is necessary for the maintenance of her and her children, it belongs to them.

The question whether such an interest is liable to debts, is answered by the well considered decision of the majority of this court, in Rugely & Harrison v. Robinson, (10 Ala. 702,) which the court, in Hill and Wife v. McRae, expressly disclaim any intention to overrule. With a reservation that there should be no liability to the payment of debts, the trustee was directed by the will, in Rugely & Harrison v. Robinson, to pay over the rents and profits of the property for the use and benefit of Eli T. Robinson and his family. It was held, that Eli T. Robinson had an interest, which might be reached by his creditors. That case is in every essential particular the same with this. We have examined the arguments adduced and authorities cited in the decision of it, and are convinced that they fully vindicate the opinion expressed by the court.—See, also, Spear v. Walkley, 10 Ala. 328; Fellows, Wadsworth & Co. v. Tann, 9 Ala. 999. We fully endorse the sentiment expressed by Judge Ormond

in that case: "That a beneficial interest cannot be given to one so that it cannot be reached by his creditors, unless such interest is conferred and is to be enjoyed jointly with others, and is also incapable of severance." The policy of the law wisely forbids that the ownership of property should be further shielded by an exemption from liability to debts unless to the limited extent authorized by our statutes.—Bank v. Forney, 2 Ired. Eq. 184; Hallett v. Thompson, 5 Paige, 583; Rippon v. Norton, 2 Beavan, 63; 2 Story's Eq. Ju. § 974 a.

The decree of the court below is reversed, and the cause remanded, in order that the chancellor may cause an appropriation of Mrs. Johnston's share of the hire, rents, profits and income of the trust estate to the payment of the complainants' debt, until it is discharged.

RICE, C. J., *dissenting.*

NOTE BY REPORTER.—This case was decided at the June term, 1858. The papers were for some time mislaid.