# Wilson *v.* Strobach.

## *Motion against the Sheriff on his Official Bond.*

1.  *A sheriff may amend his return.*—A sheriff may, by leave of the court, during the pendency of a motion against him, amend his return, although the amendment, if true, will relieve him from liability.

2.  *The interest of a partner may be sold to pay his individual indebtedness.* It is well established in this State that the separate creditor of one partner may take in execution that partner's interest in the tangible property of the partnership ; but the purchaser at the sheriff's sale can not take into his exclusive possession the property which still remains subject to the debts of the partnership.

3.  *The levy upon a partner's interest in an insolvent partnership may be released.*—A sheriff who has levied on the interest of one partner on the suit of his separate or individual creditor may release the levy, when the partnership is insolvent ; and the sale of the partner's interest would have been unproductive of anything to satisfy the execution.

4.  *On a motion against the sheriff he may prove the insolvency of the partnership.*—On a motion against the sheriff for his failure to collect the money due on the judgment, it is competent for him to prove the insolvency of the partnership.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN D. CUNNINGHAM.

This was a motion made by John Wilson, in the City Court of Montgomery, against Paul Strobach and the sureties on his official bond, to recover a judgment of seven hundred and ninety-four dollars and costs, for the failure of the said Strobach, as sheriff of Montgomery county, to make the money on an execution issued on a judgment obtained by the plaintiff against B. W. Ramsey, at the February term, 1874, of the City Court of Montgomery.

At the trial, after the plaintiff had read the motion and notice of the motion, Paul Strobach, one of the defendants, moved the court for leave to amend his return on the execution, which was in these words : " Returned for *alias*, July

[Wilson v. Strobach.]

15th, 1874, Paul Strobach," by adding the following : " The nine bales of cotton upon which the attachment in the case was levied, was found to be the property of the partnership of Collins & Ramsey, and subject and liable to liens and debts against the partnership far exceeding their value, the partnership being insolvent. And said cotton was released from the levy. This return is made by leave of the court."

The plaintiff objected to this motion ; but the court granted the motion, and the plaintiff excepted. The plaintiff then moved to strike out this part of the amendment : "and subject and liable to liens and debts against the partnership far exceeding their value, the partnership being insolvent." The defendant Strobach objected to the motion ; the court sustained the objection, and the plaintiff excepted. The defendant then interposed this plea : "and the said Paul Strobach comes and says that the money due on said execution, nor any part thereof, more than was made, could not, by due diligence, have been made by him, the said Strobach." The plaintiff joined issue, "and proved that Paul Strobach was sheriff of Montgomery county on Oct. 31, 1873, when the attachment in the cause was placed in his hands, and that he had been continuously sheriff from that time till the day of trial, and that William Hall, Horace A. Seelye and Jacob Griel were sureties on his official bond as sheriff, before and during the period." It was shown from the records " that at the February term, 1874, a judgment was rendered in said court in favor of John Wilson against B. W. Ramsey, for the sum of seven hundred and ninety-four dollars, as for the debt and damages of the plaintiff, besides costs of suit ; that the judgment was founded on a suit commenced by summons, and that after the same was issued, an ancillary attachment was sued out by the plaintiff" and placed in the hands of the sheriff, who levied the attachment on the 15th day of November, 1873, on thirty-one bales of cotton, as the property of defendant Ramsey, and that afterwards, by order of the plaintiff, the levy was released on twenty-two bales in favor of the landlord's lien. On the 11th day of May, 1874, an execution was regularly issued on the said judgment and placed in the hands of the sheriff. The execution was returnable to the July term of the city court, and the said Strobach, as sheriff, refused and failed to sell the said nine bales of cotton, or the interest of said Ramsey therein.

The defendant Strobach introduced one Collins, who testified that he and the said Ramsey were partners in the busi-

ness of planting, and they leased a plantation and sub-let the land to negroes; and that the nine bales of cotton were a part of the rent received from them, and had been delivered by the sheriff to Shular, Hartwell & Co., creditors of the firm of Collins & Ramsey, at the request of Collins & Ramsey.

The defendants asked " witness what was the pecuniary condition of the firm of Collins & Ramsey on the first of November, 1873, and since? The plaintiff objected to the question; the objection was overruled, and the plaintiff excepted. The witness answered it was insolvent." The plaintiff moved to exclude this answer, but the court overruled the motion, and the plaintiff excepted.

The defendants asked the court to charge the jury, " that if they believed the evidence they must find for the defendants." The court gave the charge, and the plaintiff excepted.

ARRINGTON & GRAHAM, and WATTS & SONS, for appellant. 1. The sheriff is bound to execute process, except when he is in danger of committing a trespass or incurring a liability. His duty is to execute the writ without speculating about consequences with which he has no concern.—Abercrombie v. Chandler, 9 Ala. 625.

He may show in excuse for not levying, that the property does not belong to the defendant, or that the court has no jurisdiction to render the judgment, or that the judgment is void, because by executing the process under such circumstances he would become liable for a trespass.—Leavitt v. Smith, 7 Ala. 175; Watts v. Mason, 7 Ala. 703; Abercrombie v. Chandler, supra.

He is not permitted to show in excuse that the debt was paid before execution; nor that the debt has been satisfied by recovery and satisfaction in another case founded on the same cause of action; nor for failure to return an execution that defendant is insolvent; nor can' he set-off executions when he has one in favor of, and another against the same person. Godbold v. Merchants' and Planters' Bank, 4 Ala. 520; Governor v. Powell, 10 Ala. 544; Hill v. Fitzpatrick, 6 Ala. 314; .Harris v. Bradford, 4 Ala. 221; Brazeal v. Smith 5 Ala. 207.

The reason is, that in these cases there is no danger of incurring liability by executing the process, and he is not permitted to constitute himself a judge between the parties, or a champion of one or the other. To permit him to do so, would lead to the greatest abuses.—Crenshaw v. Harrison, 8 Ala. 243.

In the case at bar he would not have committed a trespass,

[Wilson v. Strobach.]

or incurred any liability by executing the process.—*Moore &
Co. v. Sample,* 3 Ala. 319.

He thus, without necessity, compelled the creditor to liti-
gate with himself, who had no interest in the litigation,
instead of litigating with the partners themselves.

2. The execution creditor is deprived, by this action of the
sheriff, of the right which the law gives him to have the prop-
erty sold, and of purchasing at the sale. Having become a pur-
chaser, he could compel a settlement of the partnership in a
court of equity—a forum which has jurisdiction to settle it—
and thus have judicially ascertained the interest he had
bought.

3. The plea of the defendant was, that the property re-
leased from levy was subject to debts of the partnership
exceeding its value, the partnership being insolvent. By
overruling the demurrer to this plea, the court below took
jurisdiction of a question it was incompetent to try. A
court of equity alone can settle a partnership. In order to
do so, it is necessary to have an account of all the property
belonging to the partnership and its value, also an account
of the liabilities of the partnership and of the advances by
the partners. *Can the release of the sheriff, if a contest is
made with him, have the effect of giving jurisdiction to a court
of law of settling a partnership ?* If so, the legislature should
at once provide it with the necessary instrumentalities. The
court below, against the objection of the plaintiff, required
the jury to undertake the investigation !

4. The charge of the court was erroneous. The plaintiff
having shown the levy on property and its value belonging to
a partnership of which the defendant in execution was a
partner, made out a *prima facie* case, because the law presumes
the solvency of the partnership and the equality of the
partners.— *Union Bank of Tenn. v. Benham,* 23 Ala. 143.
The burden of proof, then, was on the sheriff of showing
that the interest of the defendant partner, if offered at public
sale, would not have elicited a bid. There was no evidence
on this point. The buyer at sheriff's sale having in no case
a guaranty that he will acquire anything by his purchase,
and the bid, in cases like the present, being purely specula-
tive, how could the court assume that the plaintiff in execu-
tion was not damaged by the failure to sell? Yet, such is
the effect of the charge.

ELMORE & GUNTER, for appellees.

BRICKELL, C. J.—It is settled by repeated decisions of

this court, that a sheriff may, by leave of the court, during the pendency of a suit or motion against him, amend his return or process, though the amendment if true, will relieve him from liability.—*Niolin v. Hamner,* 22 Ala. 578; *Governor v. Bancroft,* 16 Ala. 605; *Leavitt v. Smith,* 14 Ala. 279; *Hodges v. Leaird,* 10 Ala. 678. A return of a ministerial officer, is the officer's answer to the mandate of the process, disclosing its execution, or the reason for not executing it. If it is of non-execution, it may properly embrace any legal excuse for the failure.—Crocker on Sheriffs, § 45. There was no error in the refusal of the City Court to strike out the part of the amended return, to which objection was made. It was essential to show the excuse, on which the sheriff relied for releasing the cotton, on which the levy of the attachment had been made. The sheriff in the subsequent progress of the cause, rightfully assumed the burthen of proving its truth, and the cause was decided on the effect of the evidence introduced by him.

The decisions of this court, declaring that the separate creditor of any one partner, may take in execution that partner's interest in all the tangible property of the partnership, have stood too long unquestioned, and been too frequently acted on, for us to indulge any inquiry into, or discussion of their correctness.— *Winston v. Ewing,* 1 Ala. 129; *Moore & Co. v. Sample,* 3 Ala. 319; *Andrews v. Keith,* 34 Ala. 722. The purchaser at the sheriff's sale does not acquire an exclusive right to the possession of the partnership property—he becomes a tenant in common with the other partners, and it remains liable to the payment of the partnership debts, and liable to the adjustment of the accounts of the partners between themselves.—*Andrews v. Keith, supra;* Parsons on Part. 350–358; Colyer on Part. 822 *et seq.* All that can be sold, or acquired by the purchaser, is the interest of the copartner, nothing more. That interest is dependent wholly on the state of the partnership affairs, and the sale eventuates in giving the purchaser nothing, if on a settlement of the partnership, the copartner is found without interest.

The statute under which the motion was made is section 3033 of the Revised Code, authorizing a summary remedy against a sheriff and his sureties, "for failing to make the money on an execution, which by due diligence could have been made," and authorizing a judgment "for the amount of the execution, interest, and ten per centum damages." The issue found between the parties, was in effect on the truth of the averment that by due diligence, the money could have

been made on the execution. The plaintiff to support the affirmative of the issue, could offer any relevant evidence showing the defendant had, or was in possession of property subject to the execution, and its value. Or, the value of property which had come to the possession of the sheriff by the levy of the attachment, which he had failed to sell. It was competent for the sheriff to show the defendant had no interest in such property, or the character, extent, and value of the interest he had, if any. *Mason v. Watts,* 7 Ala. 703; *Leavitt v. Smith,* ib. 175. It seems not to have been controverted that the only interest of the defendant in execution, in the cotton, from which it is supposed the money could have been made, was as a member of the firm of Collins & Ramsey. The cotton being the property of that partnership, all that could have been sold by the sheriff was the interest of the defendant as a partner, the extent of which we have stated. It was competent for the sheriff, to show that the partnership was insolvent, and a sale of the cotton, or of the defendant's interest in it, would have been unproductive— that it would have resulted in yielding nothing to satisfy the execution. This was the effect of the evidence the court admitted, and we think properly. It was undisputed, and in the charge given, the court did not err. It is an unsafe practice, and one a sheriff should but seldom pursue, to release property on which he has levied, because he may be satisfied the interest of the defendant, he has authority to sell, is valueless. When there is no adverse claim, and he can not be involved in liability because of the sale or levy, generally he should obey the mandate of the process. In a case like the present, it is only when he clearly shows the interest of which he could make sale, was without *any real value,* that he can justify his failure to make levy or sale. The plaintiff in execution, is entitled to compensation only for the damage actually sustained, and not the speculative damage. It is not to be supposed that he would have purchased property, or an interest in property, having no intrinsic value, with the view of future litigation. If the appellant, the plaintiff in the attachment and execution, controverted the solvency of the partnership, and really believed the defendant had an interest subject to the payment of his debt, the more appropriate remedy, to ascertain that interest was by a bill in equity, which could have been filed without a sale under the execution. And it is probably matter of regret, that the legislature does not confine an individual creditor of a partner, to this remedy.

Let the judgment be affirmed.